EDGAR v. COOK, Adm'r.

1. A clause in partnership articles, by which the partners agree that the partnership shall continue for a specified time, notwithstanding the death of one or more of the partners, has not the effect, even when considered in connection with the act of 1839, [Meek's Sup. 181,] to render the administrator of the estate of a deceased partner liable at law upon a contract made by the surviving partners.

WRIT of Error to the Circuit Court of Wilcox county.

This is an action of assumpsit against Cook, as the administrator *de bonis non* of Jesse W. Norwood, deceased, on several notes described in the declaration, as made by the firm of Garrison, Ryan & Co. of which firm Norwood is averred to have been a member.

An agreed case was made between the parties, which declares these facts:

In February, 1837, Jesse W. Norwood, William C. Garrison and Joseph S. Ryan, entered into co partnership, under the firm name of Garrison, Ryan & Co. for the purpose of mer-

chandizing, at Prairie Bluff, Alabama. By the articles of agreement between these parties, it was stipulated that the partnership should continue for the term of five years, and this notwithstanding the death of either partner. Norwood was to put in the business eleven thousand dollars, and the others contributed nothing except their personal services. The profits at the end of the term, after paying Norwood the sum advanced by him, were to be equally divided between the partners or their personal representatives.

Norwood died on the 29th July, 1837, and in the fall of the same year Garrison purchased, in New York, the goods for which the notes were given, for the firm, and signed with its name. The goods were purchased and the notes dated 9th September, 1837. Garrison, when he purchased the goods, disclosed the fact of Norwood's death, and showed the articles of partnership. Before this period the firm had transacted no business, except to purchase a lot and build a store house.

Administration was granted on Norwood's estate the 29th August, 1837, to the defendant, Daniel Cook, C. M. Pegues, A. M. Norwood, and Joseph S. Ryan. These afterwards resigned, and letters of administration, on the 20th day of November, 1837, were granted to Cook alone.

On the 25th of January, 1838, Garrison, Ryan and Cook, the administrator, made an agreement in writing, under seal, reciting the substance of the articles of partnership and agreeing that the same should that day be dissolved. At the same time another agreement, under seal, was executed by them, and by its terms Garrison and Ryan alone were authorized to collect the debts due the firm. On the same day Garrison and Ryan executed a bond, with security, to Cook, as administrator, to pay all the debts of Garrison, Ryan & Co., and Cook executed to Garrison and Ryan his bond, whereby he acknowledged to have received from them the capital invested by Norwood, and obliging himself to save them harmless from all claims by the administrator or distributees of Norwood, for the money advanced and for the profits of the concern.

The business of the firm, under the name of Garrison, Ryan & Co. continued up to the 25th January, 1838, in pursuance of the articles of partnership, and then it was dissolved by the agreement of the survivors and Cook, the administrator.

The Circuit Court gave judgment in favor of the defendant, and this is now assigned as error.

DARGAN, for the plaintiffs in error, cited 7 Peters, 594; Collyer on Part. 120; Story on Part. 275, 299, and notes.

PECK, contra.

GOLDTHWAITE, J.—The only matter to be determined in this suit is, whether a clause in partnership articles, by which the partners agree that the partnership shall continue for a specified term, notwithstanding the death of one or more of the partners, can have the effect, when considered in connection with the act of 1839, to render the administrator of the estate of a deceased partner liable at law upon a contract made by the surviving partners.

The effect of a clause in partnership articles, like those before us, to confer rights on the surviving partners, or to impose duties on the personal representatives of one, that dies has not been ascertained by any judicial decision, so far as we have been able to ascertain. There are cases, however, clearly settling, that when a trade is carried on in consequence of directions in the will, that the general assets of the testator are not responsible, but only such as are directed to be invested in the business. [Ex parte Garland, 10 Vesey, 110; Ex parte Richardson, 2 Back, 202, cited in Collyer on Part. 356.] And if this trade is a partnership the executor becomes a partner, and is individually responsible as such, although the trade is carried on for the benefit of appointees under the will. [Ex parte Garland, before cited; Weightman v. Townroe, 1 M. & S. 412; Alsop v. Mather, 8 Conn. 587.]

As such consequences follow the act of intermeddling with a partnership, it is perfectly evident that it must be optional with the executor, even where an apparent duty is imposed by the will, to refuse to connect himself with the business by receiving the profits; and it seems to be equally evident that an administrator cannot prejudice the interests of either creditors or distributees, by connecting himself with the surviving partners of his intestate.

The consequence of these principles is, that if an administra-

tor chooses to continue the funds of his intestate in a partnership, to be used for the purpose of the trade and for a community of profit, he makes himself personally responsible, and a creditor of the concern has no remedy against the estate.

It is not our intention to determine what the effect of such a clause is as between the partners themselves, or how far a creditor of the surviving partners, who becomes such after the death of one co-partner, has a right to pursue the specific fund invested by the deceased partner in the firm, and afterwards withdrawn by his administrator, because this case is not now presented in a proper condition, or with proper parties, for such a determination; but it is allowable to remark, that even in that respect the case is not free from difficulty. If such a clause is effectual for any period after a death intervenes, there is much difficulty in assigning a limit to the continuance of a partnership. So likewise it might be urged, that it was contrary to public policy that the entire effects of a deceased person should be tied up from his creditors to abide the result of a long continued and, perhaps, hazardous business.

On the other hand, it is by no means clear that such clauses can have been introduced in such articles for so long a period without having been considered by the profession as having some legal effect. Whether they have any, or if any, what effect, has yet to be settled. [See Gratz v. Bayard, 11 S. & R. 41.]

The cases to which we have adverted seem to leave no doubt that in such a case as this, the creditor has no claim upon the general assets of the estate, and as the effect of a judgment in this suit would be to subject them, the right must grow out of the statute to which our attention has been called, if it exists at all. This statute provides, "That when any person shall have a cause of action against any co-partnership, any of the members of which may have died, such person shall be permitted to sue and recover of the representatives of the deceased partner, without having first prosecuted the surviving partners to insolvency, any law, usage or custom to the contrary notwithstanding: *Provided*, &c." [Meek's Sup. 181.]

The act evidently cannot be construed to give a right of action against the personal representative of the deceased partner, except in those cases where all the assets of the estate

could be made subject to the judgment. Having shown that whatever may be the rights of the plaintiffs here, they do not extend thus far, it follows that the statute has no operation on the case before us.

Judgment affirmed.