## CUNNINGHAM vs. BRAGG & CO.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Authority of partner, after dissolution of partnership, to execute note in partnership name.*—A promissory note, executed by one partner, after the dissolution of the partnership, in the partnership name, is not binding on the other partners, though given for a debt due from the firm at the time of its dissolution.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by A. G. Bragg & Co., against William R. Cunningham; and was founded on a promissory note for $203 25, executed by Cunningham & Cole, dated the 8th May, 1856, and payable five months after date, to the order of plaintiffs. The only plea was *non est factum*, duly verified by affidavit. "On the trial," as the bill of exceptions states, "it was in proof, that the defendant and one Cole, had been partners in the drug business, in the city of Montgomery; that while they were thus partners, plaintiffs, by their agent, deposited with them, for sale, drugs and medicines to the amount of $203 25; that it was agreed between them and plaintiff's said agent, at the time said drugs and medicines were thus left with them,

Cunningham v. Bragg & Co.

that they might sell the same at what price they pleased, but were to account to plaintiffs at the price agreed on, and that plaintiffs were to take back such part of said drugs and medicines as said Cunningham & Cole might be unable to sell; that said partnership was dissolved about the 1st of January, 1855; and that said Cole afterwards executed and delivered to plaintiffs the note sued on. It was conceded, that said note was given in settlement of the said contract for the sale of said drugs and medicines. This being all the evidence, the court charged the jury, that, if they believed the evidence, they must find for the plaintiffs, for the amount of principal and interest due on the note; to which charge the defendant excepted," and which he now assigns as error.

CLOPTON & LIGON, for appellants.

STONE, J.—The ruling of the circuit court in this case can not be supported. After the dissolution of the firm, the one partner had no authority to bind the other by any new contract he might enter into. The note which Mr. Cole executed was the evidence of a debt, an admission that the sum therein mentioned was due to Messrs. Bragg & Co. He had no authority to bind Mr. Cunningham by his admissions. The proof, as recited in the record, did not authorize a recovery against the present appellant, on the note. A recovery on the original contract, if proved, may probably be had on a proper count.—*Lang v. Waring*, 17 Ala. 145, 157, and authorities: Coll. on Partnership, by Perkins, § 540, and note; *ib.* § 546; *Perine v. Keene*, 19 Maine, 355; *Bowman v. Blodgett*, 2 Metc. 308; *Edgar v. Cook*, 4 Ala. 588; *Lee v. Fountain & Freeman*, 10 Ala. 755.

Reversed and remanded.