## MYATTS & MOORE *vs.* BELL.

[ACTION ON PROMISSORY NOTE.]

1. *Verbal and written charges to jury.*—A charge to the jury, if asked verbally, should be refused, because the statute (Code, § 2355) requires that charges asked should be in writing; yet, when a charge, which asserts a correct legal proposition, is asked and refused, the appellate court will not presume that it was asked verbally, unless the record shows that it was refused on that ground.

2. *Acceptance of note in payment or discharge of debt.*—When a creditor takes a note from one of several joint debtors, he can not afterwards maintain an action against all of them, on the original indebtedness, without producing the note at the trial, if it is in his possession, and offering to surrender it; and this rule also applies, where the action is against several partners, and is founded on a promissory note executed by one of them, in the partnership name, after the dissolution of the partnership, in payment of a partnership debt.

3. *Authority of partner, after dissolution, to sign partnership name to note for partnership debt.*—After the dissolution of a partnership, one of the partners has no authority to bind the others, by signing the partnership name to a promissory note, even though such note may be given in renewal of a former note executed by the partnership; and the fact that, on the dissolution, he was authorized by the other partners to settle all the partnership business, does not change or affect this principle.

4. *Acceptance of note in payment or discharge of debt.*—The giving and accepting of a promissory note do not constitute a payment or discharge of the original indebtedness, unless there is an agreement to that effect; but, if there are any facts tending to show that it was received in payment, and the jury find that it was in fact so received, a recovery can not be had on the original debt.

5. *Statute of limitations; removal of bar by partial payment.*—A partial payment, by one of several joint debtors, before the statute of limitations has effected a bar, does not prevent the perfecting of the statutory bar as to the others; and this principle applies to a partial payment on a promissory note, executed by the partner who makes such payment, after the dissolution of the partnership, in the partnership name.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. W. D. BRAGG, as special judge, selected by the parties on account of the incompetency of the presiding judge.

THIS action was brought by William Bell, against Mark A. Myatt, John H. Myatt, and William T. Moore, as partners composing the firm of Myatts & Moore; was commenced on the 16th October, 1865; and was founded on a promissory note for seven thousand four hundred and seventy-six 65-100 dollars, executed in the name of said partnership, dated the 1st January, 1858, and payable to the order of the plaintiff, on the 1st January, 1859, with interest from date; on which note was endorsed a credit of five hundred dollars, paid by said W. T. Moore on the 1st November, 1859. The original complaint contained a single count, which was in the form prescribed by the Code, (p. 551,) for an action "by payee against maker"; but an additional count was afterwards filed, by leave of the court, which was as follows: "And the said plaintiff claims of the defendants the further sum of twenty thousand dollars, for which the defendants, as copartners as aforesaid, were indebted to the plaintiff, to-wit, on the 10th day of August, 1850, for that much money by the plaintiff before that time lent and advanced to the defendants, at their request, with interest thereon." A judgment by *nil dicit* was rendered against the defendant Moore. The other defendants separately pleaded, to the original complaint, special pleas of *non est factum*, averring that the note sued on was executed without authority from them, and was not binding on them; and to the amended complaint they separately pleaded, " in short by consent," the general issue, and the statute of limitations of six years. The plaintiff took issue on the pleas of *non est factum* and the general issue, and replied a subsequent promise to the plea of the statute of limitations; on which replication said defendants took issue.

The material facts of the case, as disclosed by the evidence adduced on the trial, were thus stated in the opinion of BYRD, J.—: "The evidence tended to establish the following facts: In 1841, or 1842, the appellants formed a mercantile partnership, which existed until the fall of 1856. In 1852 and 1853, the appellee, who was the plaintiff below, loaned money to the said partnership, and took their note for the amount; which note was afterwards renewed, The money so loaned, with interest to January, 1854.

amounted to five thousand five hundred and twenty-six 38-100; for which the partnership gave a note at that time. A partial settlement of the partnership was had in October, 1858; at which settlement said note was mentioned, and one of the Myatts insisted that it should be paid by Moore. On this settlement, Moore was authorized by the Myatts to close up and settle the unsettled business of the partnership; and the books of the firm were left with said Moore, for the purpose of making collections, paying the liabilities of the firm, and closing up the business for a final settlement between the parties; but said Moore was not in any manner authorized to make any new bills or notes, in the firm name, for any purpose whatever. The note sued on was executed by Moore in renewal of the firm note above mentioned, compounding the interest due thereon from year to year, up to the date of the note sued on; and the plaintiff knew of the dissolution of the partnership, at the time this new note was executed."

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the note sued on; and the court allowed it to go to the jury, "as evidence against said Moore alone." The bill of exceptions purports to set out all the evidence adduced on the trial, and then proceeds as follows: "Thereupon, the plaintiff's counsel stated to the court and jury, that, on the evidence, he did not claim any right of recovery against the Myatts, on the note sued on, but insisted that he was entitled to a recovery against them, as well as against Moore, under the common count."

"1. Said Myatts asked the court, in writing, to charge the jury, 'that if they believed, from the evidence, that the note for $5,526.38, due in January, 1854, or 1855, was after its date, to the time of said partial settlement on the 8th October, 1858, the only liability of Myatts & Moore to Bell then existing, and that no payment was made on that liability, before the bar of the statute of limitations became complete, that is, before the expiration of six years from the maturity of said note, then the plaintiff could not recover of the Myatts in this suit.' The court gave this charge, but with the following qualification: 'that if said note was given for money loaned by plaintiff to said My-

Myatts & Moore v. Bell.

atts & Moore, then their liability to plaintiff was the debt, or what they owed him for the loaned money, and the note was nothing more than evidence of that debt or liability; and that if they believed, from the evidence, that no payment was made on that debt or liability, before the bar of the statute became complete, then the plaintiff could not recover.' To this action, or ruling, and charge of the court, said Myatts excepted.

"2. Said Myatts then asked the court, verbally, to charge the jury, that if they believed, from the evidence, that said note for $5,526.38 was the only liability of Myatts & Moore to the plaintiff existing at the time of the dissolution, and that the note sued on was made by said Moore, in the name of Myatts & Moore, after the dissolution of the firm, and that said payment of five hundred dollars was made and applied on the note sued on, that payment would not prevent the bar of the statute of limitations, as to the liability of the Myatts to plaintiff, from becoming complete at the expiration of six years from the maturity of said note for $5,526.38. The court refused this charge, and said Myatts excepted.

"3. The court then charged the jury, that if they believed, from the evidence, that the plaintiff loaned money to Myatts & Moore, then the liability of Myatts & Moore to the plaintiff was their indebtedness to him, and that the note was only evidence of their indebtedness, and nothing else; and that if they believed, from the evidence, that said Moore was authorized by the Myatts, after the dissolution of their partnership, to pay that debt, and that the payment testified to was made on that indebtedness, before the bar became complete,—then the payment would prevent the bar of the statute from becoming complete, until six years after that payment was made. To this charge said Myatts excepted.

"4. Said Myatts then asked the court, verbally, to charge the jury, that if they believed, from the evidence, that said note for $5,526.38, due in January, 1854, or 1855, was existing at the time of said partial settlement on the 8th October, 1858, then, if the payment was not made and applied on that note, it would not continue the liability of the

Myatts to the plaintiff, or prevent the bar of the statute from becoming complete as to them, at the expiration of six years from the maturity of said note. The court refused to give this charge, and the said Myatts excepted.

"5. Said Myatts then asked the court to charge the jury, that if they believed, from the evidence, that said payment of five hundred dollars, which was proved to have been made, was made and applied on the note on which this suit was founded, it would not continue the liability of the Myatts, or prevent the completion of the bar of the statute as to them, and plaintiff could not recover of them in this suit; and that the jury could look to the credit entered on the back of the note sued on, as a part of the evidence, to enable them to determine whether or not it was so applied. The court refused to give this charge, and said Myatts excepted.

"6. Said Myatts then asked the court, verbally, to charge the jury, that if they believed, from the evidence, that the payment of five hundred dollars, which was proved to have been made, was made and applied on the note on which this suit was brought, it would not continue the liability of the Myatts, nor prevent the completion of the statutory bar as to them. The court refused to give this charge, and said Myatts excepted.

"7. The court then instructed the jury, that if the plaintiff loaned money to Myatts & Moore, they became indebted to him for that money, and their liability to him was their indebtedness to him; that if Moore was authorized by the Myatts, after the dissolution of said firm, to pay that debt, and the payment testified to was made on that indebtedness, before the lapse of six years from the time the debt matured, it prevented the completion of the bar at the expiration of the six years, and continued their liability; that if the payment was intended to be made on that liability, or that indebtedness, it made no difference where they found the evidence of that payment—whether on the note given for the debt, or on any other note, or on a piece of paper, or any where else; that a note was only evidence of the debt, and nothing else in the world. To this charge, also, the said Myatts excepted."

The charges given by the court, the refusals to charge as asked, and several rulings of the court on questions of evidence, (to which exceptions were reserved by said Myatts, but which require no special notice,) are now assigned as error.

VARY & JOHNSTON, and RICE, SEMPLE & GOLDTHWAITE, for appellants.—1. The note described in the original complaint was a new contract, made between new parties, and founded on a new consideration. It has all the elements of a valid contract, as between Bell and Moore, and is equally binding on each of them. The old contract was between Bell and the partnership, or artificial person, known as " Myatts & Moore"; while the new contract is between Bell and Moore individually. The consideration of the old contract was the money loaned by Bell to Myatts & Moore; the new contract is founded on the additional consideration of Bell's forbearance to sue until the maturity of the new note, and Moore's promise to pay compound interest as therein included. The forbearance to sue was both a benefit to Moore, and a detriment to Bell, and was sufficient, of itself, to uphold the new contract.—*United States v. Astley*, 3 Wash. C. C. 512; and other authorities cited in Parsons on Partnership, 106–08, and note *i.* The promise to pay compound interest was legal, and not violative of the usury statutes. 23 Pick. Rep. 167. The new contract was certainly valid and binding on Moore individually.—*Clement v. Brush*, 3 Johns. Cases, 180.

2. What effect has the new contract on the rights and liabilities of the Myatts? In the first place, the new note is not binding on them, nor on the partnership.—*Lang v. Waring*, 17 Ala. 145; *Cunningham v. Bragg & Co.*, 37 Ala. 436; Collyer on Partnership, § 540, and note; Parsons on Partnership, 391, and authorities cited; 3 Kent's Com. (9th ed.) 72–3; *Payne v. State*, 39 Barbour, 634; 2 Comstock, 523; 1 Kernan, 176, 184. These authorities show, that the general authority given to Moore, on the dissolution, to settle the unfinished business of the firm, gave him no power to execute a new note in the partnership name, even in renewal of an old debt; and this rule should be strictly

applied here, where the new note includes a charge of compound interest. This point, however, was admitted by the plaintiff on the trial.

3. In the second, place, the new note discharged the Myatts, as well as Moore, from liability on the old debt. *Jolley v. Walker*, 26 Ala. 690, and authorities there cited; *Stone v. Chamberlain*, 20 Geo. 250 ; *Brewer v. Br. Bank at Montgomery*, 24 Ala. 440 ; *Abercrombie v. Moseley*, 9 Porter, 150 ; *Mooring v. Insurance Company*, 27 Ala. 258; *Washburn v. Pond*, 2 Allen, 474 ; *Setzer v. Coleman*, 32 Penn. St. 493 ; 34 Vermont, 115, If the new note has not this effect, then the case presents this singular feature—the plaintiff introduced the new note on the trial, and sought a recovery on it against Moore ; while he seeks a recovery against the Myatts on the partnership debt, on which Moore is bound if the Myatts are. The law does not allow a creditor thus to proceed, at one and the same time, on a new and an old liability, one of which was given in discharge of the other. The acceptance of the new note from Moore, with notice of the dissolution of the firm, (which implies knowledge that he had no authority to bind the partnership by the new note,) the production of the new note at the trial, and insisting on it as the basis of the recovery against Moore, show at least an election by the plaintiff to claim the benefit of the new contract, and preclude him from a recovery on the old.—*Jackson v. Crawford*, 12 Serg. & Rawle, 165 ; *Hisa v. Lucas*, 14 *ib.* 209 ; *Firemen's Ins. Co. v. Cochran*, 27 Ala. 237.

4. If the new note did not discharge and extinguish the liability of the Myatts, the plaintiff could only have recovered against them, by producing the new note, and offering to surrender or cancel it.—*Mooring v. Insurance Company*, 27 Ala. 254. So far from surrendering, or offering to cancel the new note, the plaintiff asserted its validity, and based on it his right of recovery against Moore. And even if the new note were out of the way, the partnership note for $5,526.38, which was not produced, nor in any manner accounted for, presented an insuperable obstacle to a recovery against the Myatts on the original partnership debt for money loaned.

5. A recovery on the original partnership debt was barred by the statute of limitations. The payment of five hundred dollars by Moore, after the dissolution of the partnership, even if intended and accepted as a payment on the original partnership debt, could not have the effect of preventing or removing the statutory bar as to the Myatts.— *Wilson v. Torbert*, 3 Stewart, 296–305; *Payne v. State*, 39 Barb. 634; 2 Comstock, 523; 1 Kernan, 176; 3 Kent's Com. (9th ed.) 72–3; *Lowther v. Chappell*, 8 Ala. 353; Angell on Limitations, § 260. But the payment was actually made and applied on the new note, both parties concurring in that application; and for this reason, also, could have no effect in continuing or reviving the liability of the Myatts.

WM. M. BROOKS, *contra.*—1. The charges which were asked verbally, were properly refused on that account.— Code, § 2355. The 5th charge asked and refused, is not shown to have been reduced to writing; and if it be held to assert a cerrect legal proposition, it must be presumed to have been refused because it was not in writing, since that presumption is necessary to sustain the judgment.

2. The giving of the new note by Moore, in the name of the partnership, was not a payment of the pre-existing debt, unless there was an agreement so to receive it.—*Ficklin v. Brewer*, 38 Ala. 685; *McCreary v. Carrington*, 35 Ala, 700; *Dorrance v. Jones*, 27 Ala. 630; *Mooring v. Insurance Company*, 27 Ala. 258; *Chastain v. Johnson*, 2 Bailey, 574. Even if there had been such an agreement in this case, it would not have been binding, inasmuch as the Myatts were not bound on the new note; and the plaintiff was entitled to recover on the original indebtedness.—*Spear v. Atkinson*, 1 Iredell, 262; *Muldon v. Whitlock*, 1 Cowen, 290; *Cole v. Sackett*, 1 Hill, 516; *Waydell v. Luce*, 5 Hill, 448. If the plaintiff had agreed to take the new note on the firm, in payment of the old debt, and the Myatts were not bound on the new note, it would be a fraud on the plaintiff to hold him bound by the agreement.—*Smith v. Rogers*, 17 Johns. 340; *Morgan v. Bitzenberger*, 3 Gill, 350; *Gough v. Davis*, 4 Price, 200; *David v. Ellis*, 5 Barn. & Cr. 196; 7 D. & R. 690. There was no intention to discharge the Myatts from

liability, for the partnership name was signed to the new note. It was simply an abortive effort to renew and extend an old debt, under the mistaken belief, on the part of Bell and Moore, that they had the right and power to do so. To hold that Bell can not recover on the old debt, because it was paid by the new note, and can not recover on the new note, because Moore had no authority to sign the partnership name, would present a strange anomaly in the law.

3. As to the necessity of producing and surrendering the note : The old partnership note was surrendered to Moore, when he executed the new note. The new note was produced on the trial, and, being sued on, was effectually extinguished for all purposes, and could never be used again. This was sufficient to satisfy the most stringent rule.— *Mooring v. Insurance Company*, 27 Ala. 258.

4. On the dissolution of the partnership, Moore was authorized by the Myatts to close up the unsettled business, and was particularly instructed to pay the plaintiff's debt. Authority to make full payment, includes authority to make a partial payment. If the assets of the partnership had been placed, on the dissolution, in the hands of a disinterested third person, as agent, with instructions to make collections and pay the debt, it can not be doubted that a partial payment by such agent would be effectual to prevent or remove the statutory bar as to all the partners; and the partial payment by Moore, under the facts proved, can not be less efficacious.—Angell on Limitations, 287 ; Parsons on Partnership, 184–93, 302 ; *Burt v. Palmer*, 5 Esp. 145 ; *Smith v. Ludlow*, 6 Johns. 267.

BYRD, J.—(After stating the facts as above.) The evidence tended to prove other facts, and, to some extent, to oppugn those above stated. But, we have set forth as many of the facts which the evidence tended to prove, as we conceive necessary for the determination of the questions raised by the charges given and those refused by the court.

1. The charges verbally asked, and refused by the court, were properly refused, as they were not in writing, as required by section 2355 of the Code. This disposes of the

charges numbered 2, 4, and 6. No. 5 does not appear on its face, or otherwise, to have been "in writing," or verbal. In such a case, we hold, that the charge will be presumed to have been in writing, where no objection appears to have been taken to it in the court below; and the objection can not be raised for the first time in this court.

2. The charges asked and given must be construed with reference to the evidence; and if there is any evidence upon which a charge asked can be based, if it is a correct principle of law, it should be given. The law seems to be settled, in this court, that a party who takes a note of one of several joint debtors, can not maintain an action against *all of them*, on the original indebtedness, without producing the note, if in his possession, and *offering* to surrender it on the trial.—*Mooring v. Mobile Marine Dock & Mutual Ins. Co.*, 27 Ala. 258, and authorities cited therein. The law will not allow the creditor to hold a note against a joint debtor, and, at the same time, recover a judgment against him on the consideration of the note. And we see no reason why this rule should not apply to parties who deny the execution of the note by an appropriate plea, as well as to a party who does not put in issue the execution of the note. But, however this may be, we proceed to other questions of law involved in the cause, which, with the authorities referred to, will aid the court in disposing of this cause on another trial.

3. The agreement of all the partners, that one of them shall wind up the business after the dissolution, while the others have nothing to do with it, confines the power to the one designated, but does not *enlarge* his power, and confers no more power than the partner would have by the general principles of the law of partnership.—Parsons on Partnership, 388, *et seq.*; and authorities there cited. The authority, therefore, which the Myatts may have given Moore, to wind up the business, and to pay the debt due to the appellee, conferred on him no more or greater authority, as to that debt, than he had by the law; and therefore his acts, as to that debt, must be tested by the general principles of the law of partnerships. By that law, one partner, after the dissolution of the firm, has no authority in law to

renew a promissory note made by the partnership, by sign-
ing the partnership name, and thereby bind the partners;
but it would be the note of the partner executing it, and
binding on him.—*Cunningham v. Bragg*, 37 Ala. 436, and
authorities cited; Parsons on Partnership, 391, and refer-
ences *t* and *u*. And especially in a case like this, where
the partner executing the note has included therein com-
pound interest.

4. The general doctrine is, that the mere giving of a note
for a debt is not a discharge or payment of the debt; and
the note may be surrendered, and a recovery had on the
debt. But, if there are any facts tending to show that the
note, even when given by one of several joint debtors, was
received in payment of the debt, then it becomes a ques-
tion for the jury to determine, whether it was so received;
and if they find that it was, *then* no action can be main-
tained on the debt.—*Lee's Adm'r v. Fountain & Freeman*,
10 Ala. 755, and authorities cited therein.

5. The defendant Moore made a payment on the note
which he gave, and on which he alone was personally lia-
ble; which payment did not amount to the interest due on
the note at the time the payment was made; and there be-
ing no application of the payment to the original debt by
the parties, the statute applied the payment to the interest
due on the note given by Moore.—Code, § 1522. Such a
payment can not, as a matter of law, be considered a prom-
ise on the part of the Myatts to pay the original indebted-
ness due to the appellee from the partnership, so as to re-
lieve the case from the bar of the statute of limitations of
six years, as to the original cause of action, although the
payment may have been made by Moore within six years
before the suit was brought. The appellee, by introducing
the note given by Moore, and by endorsing the payment
thereon, and claiming it on that note, without offering to
credit it on the original debt, shows that he insists on the
note as valid, at least against Moore, and that he claims
the payment on that note, which includes compound inter-
est; and thereby attempts to get the benefit of the pay-
ment on the note of Moore, and at the same time use it as
evidence to remove the statutory bar as to the Myatts on

Myatts & Moore v. Bell.

the original debt. Such an operation is not tolerated by any principle of law of which we are aware.

A payment by one of several joint debtors, before the statute has completed a bar, will not prevent the completion of the bar as to the others, at the expiration of the time within which the statute required suit to be brought on the original evidence of debt, relied upon to sustain the action. *Lowther v. Chappell*, 8 Ala. 353, and authorities cited; Angell on Limitations, § 260, and note 4. Nor can one partner, after the dissolution of the partnership, by a payment made on a partnership liability, and before the statute has perfected a bar, affect the running of the statutory bar in favor of the other partners, but can only affect it as to himself.—See authorities above cited. We see no reason why partners, after a dissolution, should be held to a different rule than that applicable to other joint debtors.

We have laid down some general principles for the guidance of the court on another trial, without noticing each of the charges given and refused by the court. But the charge numbered 5, asked by the appellants who have assigned error, and refused by the court, is in harmony with the principles herein laid down, and should have been given. And so far as any charge given may be in conflict with this opinion, it is erroneous.

On all the questions of law herein stated, see the authorities cited in the briefs of the learned counsel on both sides.

For the refusal of the court to give the 5th charge, the judgment of the court below must be reversed, and the cause remanded.