# Hollingsworth *v.* Chapman.

## *Action for Rent.*

1. *Charge to jury; when properly refused.*—A charge not asked in writing, may be properly refused for that reason ; and unless it affirmatively appears that a charge refused was asked in writing, it presents no question for revision on appeal.

2. *Reversal; what not ground for.*—It is within the discretion of the primary court to insert in the bill of exceptions its general charge, to which no exception was reserved. Such a charge furnishes no ground for reversal, and its insertion in the bill of exceptions cannot injure the appellant.

APPEAL from Circuit Court of Limestone.

Tried before Hon. WM. B. WOOD.

In this case the appellant requested the court below to give several charges, which were refused. Exception was reserved to this action of the court, and it is here assigned for error. The record, however, does not show that the charges were asked in writing.

PRYOR & McCLELLAN, for appellant.

WATTS & TROY, *contra*.

GEO. W. STONE, SPECIAL JUDGE.—The record in this cause fails to inform us that the charges refused, and severally excepted to, were asked in writing. The Revised Code, section 2756, declares that "charges asked for by either party must be in writing." In *Myatt & Moore v. Bell*, 41 Ala. 222, this court, speaking of this precise question, held that "the charge will be presumed to have been in writing, where no objection appears to have been taken to it in the court below." In that case, the judgment of the primary court was reversed, for the refusal of the court to give a charge, which the record failed to affirm was in writing.

In the later cases of *Crosby v. Hutchinson*, 53 Ala. p. 5, and *McKeithen v. D. Pratt & Co.*, ib. p. 116, this court departed from and, in effect, overruled *Myatt v. Bell*, *supra*, and returned to the sounder doctrine that all reasonable intendments will be indulged by this court in favor of the correct ruling of the court below.

Following these later decisions, there is no question presented by the charges of the court, which we can consider as a ground of reversal.

The insertion in the bill of exceptions of the general charge of the court, to which no exceptions were taken, cannot possibly injure the appellant. It furnishes no ground for reversal.— *Grace v. McKissack*, 49 Ala. 163.

Affirmed.

Chief Justice BRICKELL, having been of counsel, not sitting.