## PENDERGRASS V. HELLMAN.

PLEADING : *Action on account: Delivery of note as security.*

In an action on an account for goods, the answer averred that the debt was not due because the defendant had made and delivered to the plaintiff a promisory note secured by a mortgage, for a sum exceeding the amount of the account and which " was intended to cover, and did cover, all that defendant was indebted to plaintiff at the time of its execution and all bills purchased from him since that time." *Held :* That the answer was properly adjudged insufficient as it contained no averment that the note was executed in payment of the account, or that the time for paying the latter was by agreement to be extended in considera tion of the execution of the note and mortgage.

APPEAL from *Carroll* Circuit Court, Western District.

J. M. PITTMAN, Circuit Judge.

*O. W. Watkins,* for appellant.

The answer set up a good defence. It states that the debt is not due, because the bills and items of the account sued on were covered and intended to be covered in the note, which did not become due until Jan. 1st, 1887. It was necessary for plaintiffs to allege and prove that their debt was due. If the account was not due, appellees could not recover until due. If the answer was not full and explicit, the remedy was to move the court to require it to be made more definite and certain and not by demurrer. *Bliss' Code Pleading, sec.* 425 *et. seq.* A

defense defectively stated, under the code, can not be reached by general demurrer. 17 *Barb.*, 260; 49 *N. Y.*, 625; 10 *Ohio St.*, 451; 39 *N. Y.*, 436; 32 *Ark.*, 131; 31 *Id.*, 379.

*J. M. Hill,* for appellees.

The note and mortgage were collateral security, the debt for the goods purchased being the principal obligation. *Bowvier, page* 331; *Colebroke, Col., sec.* 109; 16 *Johns.*, 277; 10 *Peters,* 568; 2 *Wheaton,* 387; 78 *Ills.*, 500. Appellees could proceed on the original debt, or the collateral security, or all at once, but only one satisfaction can be had. *Colebrook, Col., sec.* 111; *Ib.*, 113, 154; 15 *O.*, 224; 38 *Mich.*, 568; 93 *U. S.*, 208; 24 *Mo.*, 249; 61 *Mo.*, 435.

An answer that sets forth a defective defense should be met by demurrer and not by motion. *Green Code Pl., sec.* 914; *Bliss Code Pl., sec.* 419; 6 *Ark.*, 196; 16 *Id.*, 669; 24 *Id.*, 569. The sufficiency of a pleading must be raised by demurrer. 30 *Ark.*, 536.

Unless clearly alleged that all accounts past and future were merged into the note and mortgage. The taking of the mortgage will be presumed as a collateral security. And the appellants must have shown in setting forth the mortgage and note that it was expressly agreed to be a merger or payment of these past and future debts. *Cole v. Sackett,* 1 *Hill, N. Y.,* 516; *Waydall v. Luer,* 5 *Hill, N. Y.,* 448; *Hill v. Beebe,* 13 *N. Y.,* 556; *Rice v. Dewey,* 54 *Barbour,* 455; *Feldman v. Beier,* 78 *N. Y.,* 293; *Tobey v. Barber,* 5 *Johnson, N. Y.,* 68; *Jeffrey v. Carnist,* 10 *N. H.,* 505; *Firemen Ins. Co. v. Wilkinson,* 35 *N. J. Equity,* 160; *Mildrick v. Swain,* 34 *N. J. Equity,* 167; *Hutchins v. Olcutt,* 4 *Vermont,* 549; 32 *Ark.*, 733; 3 *Eng.*, 213.

Pendergrass v. Hellman.

BATTLE, J. This is an action on an account for $1,134.71. The defendants, Pendergrass Bros., answered as follows : "That they purchased the goods of plaintiffs in the amounts and at the time set forth in plaintiffs' complaint and exhibits, but defendants say that said debt is not now due and payable, because they say, for the purpose of covering all such bills and sums as these defendants were at the time indebted to plaintiffs and might thereafter purchase to that amount, these defendants on the 5th day of Jan., 1886, executed and delivered to plaintiffs their promissory note, signed by said firm of Pendergrass Bros., and payable to said plaintiffs on the 1st day of Jan., 1887, for the sum of twelve hundred dollars with interest thereon from due until paid at the rate of 6 per cent. per annum ; that said note was delivered to said plaintiffs and the same is still in the hands of said plaintiffs or their assigns; that said note was duly secured to said plaintiffs by a mortgage on certain real estate in the city of Eureka Springs, which said mortgage was also delivered to said plaintiffs. Said note and mortgage still being in the hands of plaintiffs or their assigns, the same nor a copy of the same cannot be filed herewith. Said defendants say said note was intended to cover and does cover all that these defendants were indebted to plaintiffs at the time of the execution of said note, and all bills purchased from them since that time. Wherefore, they say that said plaintiffs ought not to have or maintain their action aforesaid."

Plaintiffs filed a demurrer to the answer, and the court sustained it ; and the defendants failing to plead further, it heard evidence as to the correctness of the account, and rendered judgment in favor of plaintiffs against defendants for the amount sued for ; and defendants appealed.

Pendergrass v. Hellman.

<div style="margin-left:0"><strong>PLEADING:</strong> Action on account: Delivery of note as security.</div> The only question presented for our consideration is, are the facts contained in the answer sufficient to constitute a defence? Appellants admit, in the answer, that they purchased of appellees the goods charged to them in the account sued on, in the amounts and at the times set forth therein ; and allege that they executed, on the 5th of January, 1886, a promissory note to appellees, for $1,200, due and payable on the first day of January, 1887, and bearing interest from due until paid, at the rate of six per cent. per annum, and at the same time executed a mortgage to secure the note, For what purpose were they executed? It could not have been for the purpose of paying the account, which only amounted at the time to $848,71, If such had been the case it would have been natural for them to have so averred in their answer. But instead they aver, that the note " was intended to cover and does cover all that defendants were indebted to plaintiffs at the time of the execution of said note, and all bills purchased for them since that time."

What is meant by these words is not altogether clear. While they say the account is not due, they allege as their reason for saying so, that the note and mortgage were executed in the manner stated. It is evident, if there had been any agreement to extend the time of payment of the account in consideration of the execution of the note and mortgage, they would have so alleged. When all they could have gained by their defence would have been the postponement of the day of payment, it would have been natural for them to have set up the agreement in their answer. The only reasonable construction that can be placed on the answer is, the note and mortgage were executed for the purpose of securing what appellants owed and would owe appellees on or before the maturity of the note, to the extent of $1,200, the

amount of the note. Did the execution of the mortgage and note for the purpose of securing appellees operate to extend the time of paying the account, or suspend the right to sue on it, until the maturity of the note?

In *Pring v. Clarkson*, 1 *B. & C.*, 13, "a bill of exchange having been dishonored, the acceptor transmitted a new bill for a larger amount to the payee, but had no communication with him respecting the first. The payee discounted the second bill with the holder of the first, which he received back as a part of the amount, and afterwards for a valuable consideration, indorsed it to the plaintiff. It was held that the second bill was merely a collateral security, and that the receipt of it by the payee did not amount to giving time to the acceptor of the first bill so as to exonerate the drawer."

*Emes v. Widdowson*, 4 *Carr. & Payne*, 151, was an action upon two bills by the drawer against the acceptor. The defence was, there was an arrangement between the parties to the action, by which the defendant assigned certain property as security for certain sums then due and to become due. The deed of assignment authorized a sale of the property after a six months notice of the sale was given. The court held that the assignment could only be considered as a collateral security, and that the personal remedy was not suspended.

In *Freeman's Insurance Co. v. Wilkerson*, 35 *N. J. Eq.*, 161, it was held that "the giving of a bond as collateral security to a subsisting bond and mortgage, does not *per se*, and in the absence of any ancillary agreement, operate as a suspension of the right to prosecute such bond and mortgage, "until the maturity of the second bond."

*United States v. Hodge, et al.*, 6 *How.*, 279, was an action upon the bond of a defaulting postmaster, and the defence was, that the postmaster, in consequence of his

alleg̀ed defalcation, had given a mortgage to secure the government, payable in six months from date. It was contended that the acceptance of the mortgage had the effect of an agreement to give the postmaster six months longer in which to pay the amount he was owing, and discharged the surety. It was held that the mortgage was a collateral security, and there being no agreement to extend the time of payment, it did not suspend the remedy on the bond.

The following authorities are to the same effect as those cited : *Twopenny v. Young,* 3 *B. & C.,* 208 ; *Wrengle v. Busby,* 40 *Md.,* 141. *Burks v· Cruger,* 8 *Texas.* 66 ; *Niencing v. Gahn,* 3 *Paige,* 614 ; *Thruston v. James,* 6 *R. I.,* 103 ; *Weakley v. Bell,* 9 *Watts,* 273 ; *Cary v. White,* 52 *N. Y.,* 138.

The execution of the note and mȯrtgage in this case did not, in the absence of any agreement, suspend the right of action on the account sued on, and the answer contains no defence.

Judgment affirmed.