AMERICAN INSURANCE COMPANY v. McGEHEE LIQUOR COMPANY.

Opinion delivered December 20, 1909.

1. INSURANCE—EXECUTION OF DRAFT AS PAYMENT.—Where drafts are executed in settlement of an insurance claim, they do not constitute a payment unless they were accepted as such. (Page 65.)

2. SAME—FAILURE OF INSURER TO PAY DRAFT—REMEDIES.—Where drafts were executed in settlement of an insurance claim, but were not accepted as payment thereof, and the drafts were not paid at maturity, the payees could either sue upon the drafts or recover upon the original policy; but in the latter case they should offer to surrender the drafts for cancellation. (Page 65.)

3. SAME—ELECTION OF REMEDIES.—Where drafts executed in settlement of an insurance claim were not paid at maturity, the payees could not recover upon the policy and upon the drafts in the same action, the two remedies being inconsistent. (Page 66.)

Appeal from Pulaski Circuit Court; *John W. Blackwood,* Judge; reversed.

*C. P. Harnwell,* for appellants.

Section 4348, Kirby's Dig., does not apply to mutual insurance companies. Act 192 of Acts 1905 is solely applicable. The bondsmen could be sued only under the authority given by section 4380 of Kirby's Dig.

*Abner McGehee, Jr.,* for appellee.

The allowance of the penalty and attorney's fee was proper. Act 115, Acts 1905. When default was made in payment of these drafts, the original debt revived, upon which plaintiffs had a right to sue. 48 Ark. 267. Act 115 of the Acts of 1905 makes no distinction between liquidated and unliquidated claims.

BATTLE, J. On the 15th day of July, 1908, Joe F. Jones and J. H. Davis, partners doing business under the firm name and style of McGehee Liquor Company, brought an action against the American Insurance Company, a corporation organized under the laws of Arkansas and doing business at Little Rock, in this State, and against John B. Driver and A. B. Poe, on two drafts drawn by E. Miles, adjuster, on the defendant, the insurance company, for five hundred dollars each, payable to the order of the plaintiffs, dated the 23d day of March, 1908, one due sixty days after date, and the other ninety days after date, both accepted by the defendant, the American Insurance Company, on the 28th day of March, 1908, and indorsed in blank by the defendants, John B. Driver and A. B. Poe. Plaintiffs alleged that both drafts had been protested for non-payment, and due notice to the indorsers had been given; and asked for judgment against the defendants for the amount of the two drafts, and for interest on the same from maturity until paid, and for costs of this action.

Defendants demurred to the complaint because it did not state facts sufficient to constitute a cause of action.

Plaintiffs amended their complaint by making W. B. Calhoun, Charles S. Driver, J. T. Hughes, E. P. Liston, J. M. Long

and G. A. Kimberly defendants to this action and by alleging that the American Insurance Company was required to give two bonds, in the sum of ten thousand dollars each, to the State of Arkansas, conditioned that the said company would promptly pay all claims arising and accruing to any person by virtue of any policy issued by said company, during the term of the bond, which was to be filed with, and approved by, the Auditor of the State; that the American Insurance Company, on the 28th day of February, 1907, executed, acknowledged and delivered bond of ten thousand dollars, signed by the defendants, A. B. Poe, J. M. Young, G. A. Kimberly, E. Miles and J. T. Hughes; that it did, on the first day of May, 1907, execute, acknowledge and deliver an additional bond of ten thousand dollars, signed by the defendants, J. B. Driver, W. B. Calhoun, Charles S. Driver, E. Miles, J. T. Hughes, A. B. Poe and H. P. Liston; that both of these bonds were given to the State of Arkansas, and conditioned according to the law in such cases made and provided, and were filed with the Auditor and approved by him, and were in full force and effect at the time the losses occurred which were evidenced by the drafts sued on; that during the "term" of the bonds the plaintiffs held policies issued by the insurance company, indemnifying them against loss by fire destroying or injuring their stock of merchandise at McGehee, Arkansas, which was destroyed by fire on or about the 20th day of November, 1907; that the loss caused thereby was adjusted by an adjuster of the insurance company at $1,000; and that the drafts were given "as evidence of that indebtedness"; and by asking for judgment against the defendants for $1,000 and interest, for 12 per cent. thereon as penalty, and for $200 for attorney's fee.

Copies of the protests of the drafts and of the bonds were filed as exhibits.

The defendants, the insurance company, J. B. Driver and A. B. Poe, answered and admitted that plaintiffs suffered a loss by fire as alleged in their complaint, and the same was adjusted at $1,000, as evidenced by the drafts sued on; and alleged that the insurance company, on the 23d day of March, 1908, "settled" that loss by the drafts; that no demand for payment was made of Driver and Poe, both of whom are solvent; and insist that plaintiffs are not entitled to recover penalty and attorney's fee.

The other defendants answered, and made the same allegations and contentions contained in the separate answer of their co-defendants, and in addition thereto made other allegations which it is not necessary to mention.

On the 6th day of January, 1909, the defendants having failed to appear, the cause was submitted to the court upon the complaint of the plaintiffs and the drafts sued on; and the court found that the defendants "are justly indebted to the plaintiffs on account of the drafts, which were given in payment of a fire insurance policy in the sum of $1,000, with interest thereon from the 23d of March, 1908, to date at the rate of six per cent. per annum, amounting in all to the sum of $1,047.35," and rendered judgment against the defendants for that amount and the statutory penalty of twelve per cent., amounting to $120, and for $140 for attorney's fee. Defendants have appealed to this court.

The execution and delivery of the drafts were not payment of the loss incurred by the destruction by fire of property insured in a policy issued by the American Insurance Company against such loss, unless the plaintiff agreed to receive them as payment. *Henry* v. *Conley,* 48 Ark. 267; *Pendergrass* v. *Hellman,* 50 Ark. 261; *Triplett* v. *Mansur & Tebbetts Implement Co.,* 68 Ark. 230; *Sharp* v. *Fleming,* 75 Ark. 556. There was no such agreement, and the drafts were not paid. The plaintiffs had the right to sue upon them and recover judgment. They could not, however, sue upon and recover upon the policy, the original cause of action, unless in the trial of such action they produced and surrendered, or offered to surrender, the two drafts for cancellation, the drafts being negotiable instruments. *Brown* v. *Scott,* 51 Pa. St. 357; *Mooring* v. *Mobile Marine Dock & Mutual Insurance Co.,* 27 Ala., 254, 258; *Myatts* v. *Bell,* 41 Ala. 222, 231; *Brabazon* v. *Seymour,* 42 Conn. 551, 553; *Bank of Ohio Valley* v. *Lockwood,* 13 W. Va. 392, 426, 427; *Morrison* v. *Smith,* 81 Ill. 221; *Jackson* v. *Brown,* 102 Ga. 87; *Price* v. *Price,* 16 M. & W. 231; 2 Daniel on Negotiable Instruments (5th Ed.), § 1272; 22 Am. & Eng. Enc. of Law (2d Ed.), page 567, and cases cited.

In *Brown* v. *Scott,* 51 Pa. St. 864, Mr. Justice Strong, delivering the opinion of the court, said: "Undoubtedly, there is a large class of cases in which it has been asserted that when a ne-

gotiable note (in the case at bar the instruments sued on are two negotiable drafts) has been given for an antecedent debt, though it may not have extinguished that debt, courts will not suffer the creditor to sue and recover on the original contract unless the note has been lost or destroyed, or is produced and cancelled at the trial. And some of the cases go to the extent that the right to sue for the original consideration is suspended while the note is outstanding in the hands of an assignee or indorser for value. Such is the principle of *Small* v. *Jones,* 8 Watts, 265. To determine rightly how far the principle is applicable, we must regard the reason upon which it is founded. That reason is that, if the creditor might sue on the original cause of action, the debtor would be exposed to two suits, one brought by the creditor and one by the holder of the note, which would be a hardship. The rule then is made for the benefit of the maker of the note, and is irrespective of the payment of the debt."

It follows from the rule as stated that judgment could not lawfully be recovered upon the policy and drafts in one action, it being a prerequisite to a judgment on the former that the latter should first be surrendered; and that the judgment upon the policy and the bonds given to the State of Arkansas was without right. The drafts were a new contract, and limited the right of recovery, and bound only the parties to them.

The judgment of the circuit court against all the defendants except the insurance company, Driver and Poe, and as to the penalty of twelve per cent. and attorney's fee, is reversed, and is in all other respects affirmed.