Southwestern Surety Insurance Company *v.* Clay & Nowlin.

Opinion delivered March 30, 1914.

Insurance—failure of insurer to pay draft.—Where the insurer failed to pay a draft drawn on it in settlement of insured's claim, in a suit by the insured against the surety on the insurer's bond, the plaintiff can not recover penalty and attorney's fees, under the statute, where he does not surrender the draft, but sets out both the policy and the draft in his complaint.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*J. W. & J. W. House, Jr.,* for appellant.

1. The purpose of the act of 1905 was not to tax attorneys' fees and penalties in all cases where suit is brought on insurance policies, but only in cases where no legal excuse exists for the nonpayment by the company within the time provided by the policy.

The good faith of the company in this case was shown by its giving a draft in settlement of the policy, but before it was presented for payment the company became insolvent and could not pay and was put in the hands of a receiver. This was a sufficient legal excuse for nonpayment, and neither the insurance company, its receiver, nor the surety company could be held liable for attorney's fee and penalty. 88 Ark. 473-477.

2. Suit was instituted against appellant alone. Until a suit was instituted against the insurance company,

there could be no liability against it for attorney's fee and penalty. Certainly there could be none taxed against the surety company. Statutes of this character are penal, and must be strictly construed. Endlich, Statutory Construction, 455, ¶ 329; *Id.,* ¶ 331; Sutherland, Statutory Construction, § § 208, 359, 360.

3. This is not a suit upon the policy but upon the draft given in settlement thereof. There is nothing to which a penalty could attach. The statute applies only in case suit is brought upon a policy.   93 Ark. 62-66.

*J. W. Blackwood,* for appellee.

The suit is based upon the undertaking in appellant's bond, executed pursuant to the act of May 31, 1909, whereby it became "jointly and severally" bound with the insurance company. The testimony does not show that the draft was given or received as payment. See 93 Ark. 62-65. It was appellant's duty to have paid the amount of the loss "when the same shall become due," and when it did not pay on demand it became liable to a suit upon the bond, and incurred the penalty and attorney's fee.   Kirby's Dig., § 6010; *Id.,* § 4420; 97 Ark. 384.

It is conceded that neither the insurance company nor the surety company paid or offered to pay the amount due until after suit was brought. Had suit been brought against the insurance company, it would have been bound for the penalty and attorney's fee.   100 Ark. 9; 102 Ark. 676; 92 Ark. 387; 103 Ark. 3; 104 Ark. 129.

McCULLOCH, C. J.   Appellees held a policy of fire insurance issued to them by the American Union Fire Insurance Company, and appellant was surety on the bond of said company given pursuant to statute requiring insurance companies doing business in this State to give bond "conditioned for the prompt payment of all claims arising and accruing to any person or persons during the term of said bond, by virtue of any policy issued by any such company or association upon any property in Arkansas."

The property described in the policy was destroyed by fire, and on February 19, 1913, the loss was adjusted

by the company's agent and a draft on the company's home office at Philadelphia was given to appellees by the adjuster for the sum of $999.19, the amount agreed upon according to the terms of the adjustment. The draft was not paid upon presentation, but went to protest. The company became insolvent and went into the hands of a receiver, and this action was instituted by appellees against the surety alone to recover the amount claimed to be due, $999.19, together with statutory penalty of 12 per cent and attorney's fee. The company was not sued.

After the commencement of the action appellant paid to appellees the amount claimed, that is to say, the amount of the draft, with interest at 6 per cent per annum from the date of the adjustment, and $2.08 protest fees; but refused to pay damages and attorney's fee demanded.

The court rendered judgment, notwithstanding for the damages and attorney's fee, and an appeal has been prosecuted to this court.

Appellees in their complaint set out the policy and bond, together with a statement as to the destruction of the property by fire and the adjustment of the loss, and also set out and exhibited with the complaint a copy of the draft which it is alleged was protested. These allegations were sustained by the agreed statement concerning the facts of the case. It does not appear when the insurance company became insolvent and went into the hands of a receiver, whether before the draft was presented or afterward. The complaint concludes with a prayer for "judgment against the Southwestern Surety Insurance Company of Oklahoma for the sum of $999.19, with interest at the rate of 6 per cent per annum from February 19, 1913, until paid, and for $2.08 protest fees, and for 12 per cent penalty arising under the insurance laws of the State of Arkansas and a reasonable attorney's fee to be fixed by the court."

The case is, we think, ruled by the decision of this court in *American Insurance Co.* v. *McGehee Liquor Co.*, 93 Ark. 62. There the court said:

"They (the plaintiffs) could not, however, sue upon and recover upon the policy, the original cause of action, unless in the trial of such action they produced and surrendered, or offered to surrender, the two drafts for cancellation, the drafts being negotiable instruments."

The court decided that the action being to recover the amount of the draft, there could be no recovery of penalty and attorney's fee.

Now, in the present action the appellees have not declared specially either upon the policy or upon the draft, but have set both out in the complaint and asked for judgment for the amount of the draft, with interest thereon, and protest fees. They were not entitled to recover protest fees in a suit on the policy, and the fact that the complaint contains an allegation concerning the same and a prayer for judgment shows that the suit is based upon the draft.

In addition to that, the case comes within the rule that the suit can not be maintained on the policy without surrendering the draft, which was not done in this case. On the contrary, the draft was set forth in the complaint and a copy exhibited therewith. The agreed statement of facts recites that it is "contended by plaintiffs that the defendant herein is liable for the amount of said draft," etc. Neither in the pleadings nor in the agreed statement of facts is there any offer to surrender the draft, but judgment is prayed for the amount thereof and protest fees.

The court erred, therefore, in rendering judgment for damages and attorney's fee, and as appellant has paid the amount claimed and the costs of the action the judgment is reversed and the action dismissed.