Payson Perrin & *al.* versus Charles Keene & *al.*

A copartner, with power to settle and adjust the affairs of the copartnership, has no authority to use the name of the firm in such settlements to create new contracts or liabilities.

A note given in pursuance of such authority in settlement of an outstanding account against the firm, is not binding upon the other members, and is not a discharge of such claim.

In a suit upon a note so given, leave was granted to amend by filing a new count for the original claim.

The parties in this action agree to submit it to the full Court for their decision, upon the following agreed statement of facts: — This was an action of assumpsit brought upon three notes of hand, each bearing date, Boston, May 23d, 1838, and payable to the firm of Perrin & Ellis, (plaintiffs) or order, and each signed " Keene & Weston, by Wm. K. Weston," the first for $850,12, due in six months, with interest, the second for $850,13, due in twelve months, with interest semi-annually, and the third for $850,12, due in eighteen months, with interest semi-annually. Upon the first note was the following indorsement, " Boston, Nov. 26, 1838. Received five hundred dollars in part pr. rect. $500" It was agreed, that the plaintiffs were merchants and partners in trade in the city of Boston at the date of said notes. That the defendants were formerly

merchants and partners in trade in Augusta, doing business under the style and firm of Keene & Weston, and so continued until Nov. 12, 1837, when they dissolved their partnership, according to the first public notice thereof in the Age, Dec. 6, 1837 ; that the said Weston was in Boston at the date of said notes, and then and there, with the plaintiffs, settled the account for merchandize sold and delivered by the plaintiffs to the said defendants, while said defendants were in partnership, by giving the notes in suit for the balance due on said account, and signed them as above stated ; that said Weston was authorized to close up and settle the affairs of the late partnership; that said Weston had no authority from said Keene to sign the partnership name, unless the Court should be of opinion that he had authority upon the facts herein contained. — This action was commenced for, and entered at the last June term of this Court, and on the first day of this term, and upon the defendants denying the authority of Weston to sign the firm name as aforesaid, the plaintiffs' attorney moved to amend their writ and declaration by the insertion of a count in indebitatus assumpsit upon the account annexed, which motion was resisted by the defendants' counsel, but not ruled upon by the presiding Judge, and was withdrawn for the purpose of submitting the whole case to the full Court. If upon the facts aforesaid, the Court should be of opinion, that the defendants are liable to pay said notes, or if, in their opinion, the plaintiffs can in law be permitted to amend their writ and declaration in manner aforesaid, the defendants are to be defaulted for the amount due upon said notes, otherwise the plaintiffs are to become nonsuit.

*J. H. Williams,* for the plaintiffs. The notes in suit are binding upon Keene, because, upon the dissolution, Weston was authorized to close up and settle the affairs of the firm. *Casco Bank* v. *Hills,* 16 Maine R. 155 ; *Murray* v. *Mumford,* 6 Cow. 442. The payment made is to be presumed to have been made with the knowledge and consent of Keene. *Graves* v. *Merry,* 6 Cow. 701. Admissions made by one partner, after a dissolution, are received as evidence of indebt-

edness to bind all the members of the expired firm. *Parker* v. *Merrill*, 6 Greenl. 47; *Cady* v. *Shepherd*, 11 Pick. 400; *Bridge* v. *Grey*, 14 Pick. 60; *Getchell* v. *Heald*, 7 Greenl. 26. There is no essential difference between admitting a cause of action in the form of a note, and producing the same effect by verbal admissions.

If the notes are void for want of authority, still the claim against the old firm remains in full force. *Wilkins* v. *Reed*, 6 Greenl. 221. And the amendment prayed for should be allowed, for it is consistent with the original count, and for the same cause of action. *Greenwood* v. *Curtis*, 4 Mass. R. 93; *Eaton* v. *Whitaker*, 6 Pick. 465; *Clarke* v. *Lamb*, 6 Pick. 512; *Anderson* v. *Anderson*, 4 Greenl. 100; *Parker* v. *Parker*, 17 Mass. R. 376; *Castro* v. *Bennett*, 2 Johns. 295; *Warren* v. *Ins. Co.* 16 Maine R. 449; *Mixen* v. *Howarth*, 21 Pick. 215; *Tenney* v. *Price*, 4 Pick. 385; *Bishop* v. *Williamson*, 2 Fairf. 500; *Ball* v. *Claflin*, 5 Pick. 303; Howe's Pr. 389.

*Vose & Lancaster*, for the defendants. One partner cannot bind his copartner after dissolution, though authorized to settle the affairs of the firm. Gow on Partnership, 76; *Whitman* v. *Leonard*, 3 Pick. 177; *Parker* v. *Macomber*, 18 Pick. 503; *Sanford* v. *Nichols*, 4 Johns. 224; *Hackley* v. *Patrick*, 3 Johns. 528; *Walden* v. *Sherburne*, 15 Johns. 224.

The writ was not amendable. *Vancleef* v. *Therasson*, 3 Pick. 12; *Ball* v. *Claflin*, 5 Pick. 303.

By the Court. — Weston had no right to sign the notes in suit in the name of the firm, unless he derived it from the authority given him to settle and adjust the copartnership business. This does not give him any power to make new contracts, or to create new liabilities, binding on the firm. No such power can be derived from the agreement that Weston should settle and close the business of the firm. The notes, then, are made and delivered without authority and are not valid against the firm.

Is the account still existing and may it properly be introduc-

Perrin v. Keene.

ed into the writ by way of amendment, by adding a new count for that purpose? In England and New-York a note given on the settlement of an account is not a discharge of such account. In this State and in Massachusetts it is otherwise. But in these States it is held to be only *prima facie* evidence of a discharge, and, of course, is open to explanation. Hence, in *Vancleef* v. *Therasson*, 3 Pick. 14, it was held that when a note was given in New-York, in discharge of an account, and the suit was commenced on the account in New-York, that the plaintiff could not, under leave to amend, file a count on the note, because it was a new and distinct cause of action. The note, by the law of New-York, not being a payment, did not discharge the account. But in *Ball* v. *Claflin*, 5 Pick. 303, with perfect consistency, it was held that the giving of a new note is not a payment, and that both may be considered as the same cause of action. So in this State, in *Newell* v. *Hussey*, in the county of Lincoln, it was held that when an account is sued and a note had been given for it, that the note could not come in by way of amendment, being a new cause of action.

This note, given without authority, does not extinguish the account. If it did, it would be a new cause of action. If not, then the account remains the same subsisting demand and may be brought in by way of amendment. 5 Pick. 303. If the notes were given without authority, they were not a payment of the debt, and the account remains undischarged. It may be said, that the note binds the agent or partner who made it, even if he undertakes to use the copartnership name without authority. The answer is, it can bind him alone, and the plaintiffs did not intend to take the note of Weston alone. They meant to have the security of the copartnership. The note, then, being the note of Weston alone, the presumption of payment is rebutted.

The notes having been declared on as the contracts of the parties sued, and being for the same subject matter as the account, and not having the legal effect to discharge the account, the amendment may be rightfully made.

*The defendants must be defaulted.*