LOCKMAN (UNITED STATES v.). See Case No. 15,620.

═══════

## Case No. 8,449.

LOCKWOOD v. COMSTOCK et al.

[4 McLean, 383.] [1]

Circuit Court, D. Michigan. June Term, 1848.

PARTNERSHIP—DISSOLUTION—NOTE GIVEN BY ONE —OLD DEBT—AUTHORITY TO SETTLE ACCOUNTS.

1. After the dissolution, neither partner by any note in writing, can bind the partnership, even for a debt contracted by it. And in this view, a note is a new contract; though it be given to pay a debt of the firm.

[Cited in Conklin v. Ogborn, 7 Ind. 555; Gardner v. Conn, 34 Ohio, 192; Woodson v. Wood, 84 Va. 487, 5 S. E. 279.]

2. An authority to one party to settle the accounts of the firm, collect and pay its debts, does not authorize the individual to give a note in the name of the late firm.

[Cited in Woodson v. Wood, 84 Va. 487, 5 S. E. 279.]

At law.

Sedgwick & Campbell, for plaintiff.
Mr. Hand, for defendant.

OPINION OF THE COURT. This is a motion for a new trial, reserved for a full bench. The suit was brought by plaintiff, as indorsee of two promissory notes, dated September 1st, 1839, against defendants, as makers, under the firm of Charles Bissell & Co. It was in evidence, that the firm was dissolved October 29th, 1838, of which payees had personal notice, prior to the making of the notes. They were given for a debt due by the firm, by Bissell, without any authority from Comstock to use the partnership name. The following advertisement of the dissolution of the partnership was published, in the "Daily Advertiser" of Detroit, a paper of general circulation, October 31st, 1838: "Dissolution." "The co-partnership heretofore existing under the firm of Charles Bissell & Co., is this day dissolved by mutual consent. The business will hereafter be continued by Charles Bissell, who is duly authorized to settle all demands in favor or against said firm." "Detroit, October 29th, 1838. Signed, Charles Bissell, H. H. Comstock."

It is argued, 1. That the dissolution of the partnership put an end to the power of Bissell to use the partnership name. Bell v. Morrison, 1 Pet. [26 U. S.] 370; Atwood v. Gillett, 2 Doug. [Mich.] 205; Story, Partn. 458, 472–474; Gow, 253, 254.

2d ground. That the terms in which the dissolution was announced to the public, did not authorize Bissell to use the name of his former partner. The question is well set-

tled in this country that, after the dissolution of a partnership, the partnership name can not be used, by either partner in the creation of a new contract. That power existed during the partnership, but its dissolution terminated it. The name can not be used in giving a note for a debt due by the late firm. For that would be a new contract, variant from that which was entered into, during the partnership. This power to use the name of Comstock was clearly not given in the notice of dissolution. It authorized Bissell, who continued the business, "to settle all demands in favor of or against said firm." But it did not authorize him to use the name of his late partner, in entering into a new contract. To settle, was to ascertain the balance due, and pay it, but not to give a note or any other obligation. The motion for a new trial is granted.