## SUPREME COURT.

### JAMES W. LUSK agt. DE WITT C. LUSK and others.

A justice at special term has the power to hear and decide a motion for a new trial, on the ground that the verdict is against evidence. (*The objections to such a power of the justice, under the constitution and under the code, considered.*—GRIDLEY, *Justice.*) *See the note at the end of this case.*

*Oswego General Term, May*, 1850.—In this case a verdict was rendered at the circuit for the defendants; and the plaintiff made a case. But instead of moving for a new trial on appeal, he stayed the entry of a judgment by an order, and moved for a new trial at the special term, on the ground that the verdict was against evidence. A new trial was granted; and the defendants have appealed from the order granting a new trial. And at the same time they have moved to set aside the appeal and original order, on the ground that a single judge has no power under the constitution, or conferred by the code, to grant a new trial on the merits.

LE ROY MORGAN, *for plaintiff.*
QUINCY JOHNSON, *for defendants.*

By the Court, GRIDLEY, Justice.—1st. The first question presented on this motion is, has the *constitution* forbidden the granting of a new trial on the merits, by a single justice? It was provided by the fourth section of title fifth of the constitution of 1821, that the " Supreme Court should consist of a chief justice and two justices," but it was added, " any of

whom may hold the court." Under this provision it was decided that one justice could hold a court either at a *general* or *special* term. The phraseology of the constitution of 1846 differs from that of 1821. The 6th section declares that any three or more of the justices may hold the general terms; and that any one or more may hold special terms and circuits. One judge cannot now, as formerly, hold a general term of the court. But section 5 of the same title confers on the Legislature the same powers to alter and regulate the jurisdiction and " proceedings in law and equity," it possessed before. That power was very broad; under it circuit judges were authorized to hold courts to hear and decide cases and bills of exceptions, and on the decision a judgment might be entered in the cause. So, too, the 20th section of the act in relation to the judiciary (Laws of 1847, p. 325) expressly directs that " orders and decrees in suits and proceedings in equity may be made at special terms, and that all suits and proceedings in equity shall *first* be determined at a *special term*, unless the justice holding the special term shall direct the same to be heard at a general term." The power to hear a cause on the merits on pleadings and proofs, and to make a final decree in the same, is, by this section, expressly conferred on a single justice sitting at a special term. And this provision has been held constitutional by the Court of Appeals : *Gracie* v. *Freeland*, (1 Comstock, 228.) It was decided, in that cause, that it was the duty of the court sitting in general term, to entertain a rehearing of a cause, that had been heard by a single justice. If the provision for a rehearing by a single judge had been a violation of the constitution, then the decree would have been simply *void*, as having been made *coram non judice*, and would have been neither the subject of an appeal nor a rehearing; and it needs no argument to show that if a single judge can hear a cause on the merits and make a final decree therein, under the present constitution, he may grant a new trial, on the merits, where the verdict is against the evidence.

2d. The next question is, whether the power is conferred by the Code of Procedure? It may be admitted that this power is nowhere given in express terms; and that the decision of this question involves the construction of several provisions of that instrument, which are obscure and of difficult interpretation. Nevertheless, I am of the opinion that the power is necessarily implied, and that it may be shown with reasonable certainty. I have come to the following conclusions upon this point :

1. That no appeal from a judgment entered by direction of a single justice can now be brought for any *error of fact.* Appeals are now confined to *errors of law*, (section 348.) In that respect the code of 1849

differs from that of 1848. (See section 297 of the code of 1848.)  Can it be supposed that the Legislature intended to deny all relief, where the jury, by overlooking some important fact, or by misunderstanding the evidence, or from any other cause had determined manifestly against evidence?  Or where, from passion or prejudice, the damages were excessive.  Or where, upon a point not litigated at the trial, the injustice of the verdict was placed beyond dispute by newly discovered evidence? This was an inherent and salutary part of the jurisdiction of the Supreme Court, which it cannot be supposed the Legislature intended to abolish.

2. These cases cannot be heard at a general term, except on appeal from the "order" of a single judge, with the single exception of a case agreed on, under section 372.  It is the manifest policy of the code that the court sitting at the general term shall be an *appellate tribunal.*  By the 278th section, it is declared " that judgment upon an issue of *law* or of *fact*, or on *confession*, or upon *failure to answer*, (except, &c.) shall, in the first instance, be entered upon the direction of a single judge or report of referees, subject to review at the general term."  Though this section does not *specify* judgments on a case upon the evidence, yet the terms of the section embrace *all cases ;* "judgment upon an issue of *law or of fact*," is an expression that was intended to include every case that can arise, in which judgment is rendered, after an issue has been framed upon an answer, either of law or fact.  This is in accordance with the theory of giving two appeals in all cases originating in the Supreme Court, as set forth in the report of the commissioners under section 210. They say, "Issues of law and fact in *equity* cases have heretofore been tried before a single judge.  Issues of fact, in common law cases, have heretofore been tried by a single judge; while issues of law have been tried before the judges.  To produce uniformity, we propose that all issues be tried in the first instance before a single judge, whether of fact or law.  By this arrangement we are enabled to *give two appeals* in cases originating in the Supreme Court; one from the special term, or circuit, to the general term, and one to the Court of Appeals."  Thus, where questions of law are decided at the circuit, and exceptions taken, the decision at the circuit is the first decision, and from that there is an appeal to the general term ; and from the decision at general term to the Court of Appeals.  It can hardly be doubted, on a careful examination of this report, that all questions of law arising at the circuit, were intended to be heard on appeal, and appeal only.  The original right to have these questions heard at the general term, without an appeal, however convenient that would be, is in hostility to the spirit of the code,

which provides that the remedy for any error in the law committed at circuit, must be sought by appeal, and on giving security. But,

3d. In trials before a single judge and jury, where there is no error of law complained of, there can be *no appeal.* Take the case of a special verdict under section 261, which simply finds the facts. Here, by section 278, the judgment must be entered before a single judge; in other words, the *special verdict* must be brought up at the special term, and argued and decided there, before the judgment is entered. Here is one case, therefore, where the hearing must be before the special term. The power, therefore, is impliedly given in this case to hear a cause on the merits at special term. But how is it with the other cases, where there may be a *general verdict,* but where the verdict is so plainly against evidence, or the damages are so enormously disproportioned to the cause of action that the judge, instead of directing a judgment, orders the case to be reserved for further consideration or argument under section 264? This section is a very obscure one, and various interpretations have been put upon it. It has been supposed by some that it was intended to embrace equity cases, where the judge wanted time to settle the provisions of a decree. A conclusive answer to this suggestion is found in the fact that those cases are not tried by a jury, (§ 254,) and therefore section 264 is not applicable to them. Another view of this section regarded it as embracing common law cases, where from the facts found by the jury, the judge hesitated what judgment to give, (Monell's Pr. 241.) But the advocates of this theory forget that on a *general verdict* there can be no hesitation; for the judgment follows the verdict unless the judge sets the verdict aside. Another construction of this section regarded it as giving a right to the judge to reserve the case for argument, to review his own decisions on a case or bill of exceptions at the special term. This is a more plausible construction than the others; but it is opposed to the theory of two appeals, before mentioned; and it involves the idea that for errors of the judge at circuit, a party may have his choice to go to the special term for redress at a comparatively small expense and without giving any security, or to go to the general term on an appeal by giving security to pay the debt. In the one case he virtually has the benefit of three appeals; from the judge at circuit to the special term, from the special term to the general term, and from the general term to the Court of Appeals. There is nowhere in the code any allusion to this practice. It is not found in section 257, which prescribes the order of business at the special term and circuit, nor is there any provision for the services in section 307, which prescribes the rate of compensation, for services in the several phases of a suit; and the

remedy by the appeal is provided in section 348 for precisely this class of cases, (viz.,) errors of law committed by the judge on trial. If the Legislature had intended to confer on the court at special term, this power of reviewing the errors of the judge at circuit, they would have said so in unequivocal terms. But it is nowhere even alluded to in the code.

But the case is very different with cases on special verdict, motions for new trial on the ground that the verdict is against evidence; and on the ground of excessive damages. In all these cases, the motion must be made at special term or nowhere. There is no provision for an appeal (except on the law) from a judgment entered by the direction of a single judge. We have seen that the case of special verdicts *must* go to the special term. Then why not in the other cases I have enumerated, where no error of law has been committed, and where there must be, otherwise, an absolute failure of justice? It seems to me that by a very strong implication, this power must be exercised by a single judge and at the special term.

4th. Again, in section 401, it is enacted that motions may be made in the first judicial district, to a judge or justice out of court, except for a new trial on the merits. A new trial for the reason that the verdict is against evidence, is a motion for a new trial on the merits; and by implication, that motion may be made at special term.

For these reasons I am of the opinion that a justice at special term has the power to hear and decide a motion for a new trial, on the ground that the verdict is against evidence.

NOTE.—As the reasoning of Mr. Justice GRIDLEY, upon the question involved in this case, will appear to be in opposition to that of *Pepper* v. *Goulding*, *ante*, page 310, it is proper that the circumstances attending the publication of the latter case should be stated. After that case was set up and *struck off* by the printer, a communication was received from Judge GRIDLEY, requesting that it should not be published, as he had come to a different conclusion upon some of the points involved in it, and wished it to be re-written before publication. Of course the answer to the request was, that it was then too late to save it from publication, it having been struck off. On receiving the above case, Judge G. remarked (in substance) that his attention was drawn to this subject more particularly, in writing this opinion. He considered that the case of *Leggett* v. *Mott*, *ante*, page 325, (which he had recently seen,) contained the most *harmonious system*. According to it, the decision of referees on questions of fact are to be brought before the special term; while questions of law go the general term by appeal. This is in harmony with cases before a jury. They are disposed of in the same way. Although much obscurity remained in relation to this question—as that section 348 of the code does *not* include appeals from referees' reports—and it was quite apparent that the commissioners did not provide for cases where the jury erred, there being no express provision, giving that business to the special term, &c. &c. Yet, on the whole, he thought the views taken by Mr. Justice SANDFORD would conduce to more harmony in practice in that class of cases.