JACOB R. GALE, Appellant, *v.* DAVID MILLER and HAROLD
C. GALE, Respondents.

(GENERAL TERM, THIRD DISTRICT, SEPTEMBER, 1867.)

In an action upon a check made payable to bearer, running in a firm name,
brought after its dissolution, against G. and M., who were the members
thereof, M. only answered, and he averred a combination between G.
and the plaintiff, to defraud him of the amount of the check. It appeared
upon the trial that G. individually paying an indebtedness of the firm,
had thereupon made the check, and afterward for a personal indebted-
ness of his own, delivered it to the plaintiff; the time of delivery of the
check to the plaintiff was in dispute, the latter claimed a delivery before,
and M. the defendant, after, the firm's dissolution. The judge connecting
the two propositions together, charged the jury that to entitle the plain-
tiff to a verdict, they must find that the check was issued before the
dissolution, and that it passed into the hands of the plaintiff before the
dissolution; there was a general exception by the defendant, M., to this
charge.—*Held*, there was no error.

The partner's right to issue the check (that is, to make and appropriate it to
any purpose) ceased with the dissolution of the firm.

If the check had been made before the dissolution of the firm, and disposed
of by G. afterward, it would have been subject in the hands of the plain-
tiff to the equities existing against it, and such equities would not be a
proper subject of adjustment in an action between the plaintiff and
the members of the firm. Nor was M. obliged to insist on such equities
in such a suit; he might rely upon fraud in the issuing of the note after
the dissolution. Per MILLER, P. J.

THE cause was tried in September, 1865, at the Columbia
Circuit. It appeared that the defendants, David Miller and
Harold C. Gale, were, from the first of October, 1860, until
February 22, 1861, copartners in the freighting business, at
Livingston station, on the Hudson River railroad, under the
firm name of Miller & Gale.

The defendant, Harold C. Gale, was, during the same
period, engaged at the same place, in trade on his own indi-
vidual account.

It was proved by the plaintiff that on the 23d day of Jan-
uary, 1861, said firm of Miller & Gale were indebted to
one J. N. Hover in the sum of $156, for hay sold by said

Hover to said Miller & Gale; and that at the same time, said Hover was indebted to said defendant, Harold C. Gale, individually, in the sum of one hundred and twenty odd dollars, for goods out of his store, and money borrowed of him by Hover.

The plaintiff also claimed, and introduced the evidence of Harold C. Gale, to establish, that the defendant, Harold C. Gale, then paid to Hover, out of his individual means, the difference between the amount that the firm of Miller & Gale owed him, Hover, and the amount that he, Hover, owed him, Gale, and gave said Hover a bill of his individual account against said Hover, receipted in full of the amount that said firm of Miller & Gale owed said Hover. The defendant, Gale, also testified that at the time of this settlement, he drew the check in suit, for $156, signed it in the firm name, and retained it in his possession until he turned it over to the plaintiff in the month of January, 1861, in payment of money borrowed of plaintiff by the defendant, Gale, and indorsed the same upon a note for $200, held by Gale, the plaintiff, against Gale, the defendant. Most of the material facts proved, and claimed to exist, by the plaintiff, were disputed by the defendant Miller, who, alone, defended the suit.

The defendant proved, that nobody but the plaintiff and defendant, Harold C. Gale, had ever heard of the check, until the 25th day of April, 1861, some time after the dissolution of the copartnership, when, without payment ever having been asked from the defendant, Miller, or the bank, it was taken to the office of the attorneys for the plaintiff, and advice obtained in regard to it.

In the meantime, the firm had been dissolved. It also appeared that the check book of the firm being used on a settlement between the partners before the dissolution, the outstanding checks against the firm were brought into the settlement, an original entry, equal in amount to the check in question; in defendant Gale's handwriting, appeared erased on the check book, and the word "cash," written in pencil below it, appeared also erased. At the same time, this check book

Gale *v.* Miller.

showed that the figures $156.00, equal to the amount of this check, had been first footed in, in Gale's handwriting, and afterward that footing erased, and another made in Gale's handwriting, excluding the $156 also, which last footing was erased; that there was a final footing of the checks entered on the check book in Gale's handwriting, which did not include the $156; that the defendant, Gale, did not inform the defendant, Miller, of the alleged existence of this check, and did not give any information of its existence at the time of the dissolution settlement.

It was also proved, that Gale produced to one ·Reuben Miller, a list of the outstanding checks of Miller & Gale, and the alleged check in question was not on the list. Also, that there was no date to the indorsement of the $156 alleged to have been paid by the check, on the note; that the indebtedness of the firm was, at the settlement, assumed by the defendant Miller, and understood and stated to be $2,046.39. Several witnesses were introduced and sworn, impeaching the character of Harold C. Gale, and his character was also supported by several witnesses.

The defendant, Miller, resisted the payment of the check, claiming that the facts showed a fraudulent combination between the plaintiff and defendant Gale, to defraud him out of the amount of the check; he insisted that the plaintiff, and defendant Gale, were unworthy of credit, and untruly testified to the making and delivery to the plaintiff of the check, at any time during the existence of the copartnership, and that as the copartnership had been dissolved in February, 1861, and no other person but the two Gales were alleged to have seen the check before the dissolution, neither the fact of making, or delivery before the dissolution, was established.

There were several exceptions taken by the plaintiff's counsel on the trial, to the admission of evidence received on behalf of the defendant Miller, and to legal propositions contained in the charge of the judge. So far as material, these are stated and referred to in the opinion.

The judge, in that part of the charge excepted to, charged the jury, as stated in opinion, that the check must have passed into the hands of the plaintiff before the dissolution, in order to enable him to recover. The jury found a verdict in favor of the defendant Miller. A motion was made for a new trial on the minutes, which was denied, and judgment was entered in favor of the said defendant, and the plaintiff appealed from the order, denying a new trial, and the judgment, to the General Term.

*J. Gaul, Jr.*, for the appellant.

*R. E. Andrews*, for the respondent.

Present—MILLER, INGALLS and HOGEBOOM, JJ.

By the Court—MILLER, P. J. The simple question in this case is, whether the defendant, Miller, is liable in this action? Whether he owes the debt otherwise, or is responsible to his partner for the same or for his share, is a question we are not called upon to decide, and is not in the case now presented to us. These are matters which may be adjusted in another action, perhaps in one between the defendants; and if the defendant, Miller, is liable for this demand, he can be made to pay and cannot escape it. Nor does it follow that the plaintiff must lose his demand unless he can recover in this action. The defendant, Gale, interposes no defence, and a judgment must necessarily be obtained against him; and although it is not important to inquire on that subject, yet for anything which appears, he is quite as responsible as the other defendant. But these are considerations, which should not be regarded in disposing of the legal questions involved in the present case. When this case was heard at General Term upon the facts presented by the plaintiff alone, it was held,* that as the facts showed that the check was made by the defendant Gale, to pay a company debt, and in good faith

* See 44 Barb., 420.

Gale *v.* Miller.

and was transferred and held by the plaintiff in good faith, and for a valuable consideration, the action would lie, and therefore that the court erred in granting a nonsuit. The court, however, expressly say, *that if the check was fraudulently issued, it could not have been available.* As the case was then presented, no question of fraud was raised; and we must regard it as presenting the additional question which was severely litigated upon the trial, whether the check was fraudulently issued by the defendant, Gale, and received by the plaintiff. This was the issue made and submitted to the jury under the charge of the judge, and we must consider the questions presented with this changed aspect in the features of the case. The plaintiff claimed that the check was issued before the firm was dissolved, and on the 23d of January, 1861. The defendant, Miller, who alone defended, on the other hand insisted that it never came into existence until the partnership had been dissolved, and until March or April, 1861, and that it was then fraudulently issued by the defendant, Gale, and passed over to his brother, the plaintiff. Upon this question there was, I think, quite a conflict in the testimony, which rendered it proper to submit the case to the jury under appropriate instructions, unless the undisputed facts showed that the plaintiff was entitled to recover, which I shall have occasion to consider hereafter, and in another connection.

The principal questions presented, and the only questions out of which any controversy can arise, relate to the charge of the judge in the changed aspect of the case produced by the introduction of evidence on the part of the defendant, Miller. This charge embraced two propositions; and as the case stood, with the additional evidence introduced by the defendant, as to the fraudulent issue of the check, the rule laid down by the court when the case was before them for review was in no particular violated. The first proposition in the charge, was, that the check must have been issued before the dissolution of the firm; and the second was, that it must have passed into the hands of the plaintiff before the dissolution. These two were blended together, and there was

but one general exception to the two propositions, so that if one of them was right, the exception was not available. In addition and separately from these propositions, the judge also charged that if the plaintiff received the check in the month of March, he received it after the dissolution of the copartnership, and it would not be a valid instrument in the plaintiff's hands, and he could not recover. As to the first proposition, that the check must have been issued before the dissolution of the firm, I think it was clearly right and proper. By the issuing of the check, was meant the making of it, and the appropriation of it to any particular purpose, which was the question litigated on the trial. The mere signing the check, before the dissolution, of itself, would amount to but little, if it had not been appropriated or issued as a liability of the firm.

The right to issue the check, then, after the dissolution depends upon the authority of a partner to create a liability in writing which did not previously exist. In the *National Bank* v. *Norton* (1 Hill, 572), it was held that one partner after dissolution cannot bind his copartners even by the renewal of a partnership note. Cowen, J., says: " This is the making of a new contract by one for all the partners after his authority is revoked. During the continuance of the partnership he is entitled to act for all as their general agent. On dissolution he ceases to hold that character, and must be considered as a mere joint debtor. This leaves to him the power of payment in respect to debts due from the firm, but with slight exception, if any ; nothing more." (See, also, *Mitchell* v. *Ostrom*, 2 Hill, 520 ; *Lansing* v. *Gaine*, 2 John. R., 300 ; *Lusk* v. *Smith*, 8 Barb., 570 ; *Sanford* v. *Mickles*, 4 John. R., 224.) Willard, in his excellent treatise on Equity Jurisprudence (p. 727), says: "It is scarcely necessary to add, in concluding this chapter, that the power of one partner to bind the firm ceases with the dissolution."

According to these decisions the defendant, Harold C. Gale, had no right to issue the check of the firm in payment of the partnership debt after the dissolution of the part-

Gale *v.* Miller.

nership. It was creating a new obligation of the firm, and, under the authorities cited, he could not lawfully bind the firm. If he paid the demand out of his own private funds, it was a proper charge against his copartner, to be settled in an adjustment of their accounts, not included in the settlement made immediately prior to the dissolution. If the check was issued before the dissolution, of course it would alter the case very materially; but if it was issued afterward, then it was issued without authority, and in violation of the principle referred to. This is not a case of a partner who holds a valid debt against the firm, at the time of the dissolution, which he has a right to assign. If such a proposition was suggested on the trial, and a request made to submit it to the jury, we are to assume that it was done. And, in point of fact, the charge, as made, left it to the jury to say, whether the check was lawfully made and issued before the dissolution. But even if the check was actually made before dissolution, I incline to think, that a partner cannot thus privately make a check for a debt he claims, put it in his pocket, make a settlement without referring to it, and then afterward dispose of it. Such a transaction, I think, must be subject to the equities, which may subsequently exist against the check. It must be settled in a suit between the partners, and not in a litigation between them and a stranger. If any equities existed, they were not a proper subject of adjustment in this action. They could not well be tried in a suit, by a third party against the partners, and, I think, that the defendant, who contested the plaintiff's claim, was under no obligation to interpose any such defence. He had a right to rely upon the alleged fraud, in issuing a check after the dissolution of the firm, as a defence. If claims had since arisen, they could be adjusted between them afterward.

As to that portion of the charge which contains the proposition that the check must have passed into the plaintiff's hands after the dissolution, it may be said that it is dependent upon the correctness of the first; for if issued without

authority, after the dissolution, it necessarily follows that it could not be passed to the plaintiff. As the defendant, Har old C. Gale, had no authority to issue it after the dissolution, and acquired no title thereby, he could confer no better title upon the plaintiff, who received it in payment of an antecedent debt, and was therefore not a holder in good faith, so as to preclude a defence, which existed against the original holder. (*The N. Y. Ex. Co.* v. *De Wolf*, 31 N. Y., 284. *McBride* v. *The Farmers' Bank*, 26 N. Y., 454.)

The discussion had, disposes of the portion of the charge adverted to, and it is quite evident to my mind, that it was sound in law, entirely applicable to this case as presented, and assumed by both parties to exist; and could not, under any circumstances, possibly have misled the jury.

It is insisted by the defendant, that the verdict of the jury was erroneous, and that the case is a plain one in favor of the plaintiff. It was not claimed, upon the trial, that there was no disputed question of fact in the case for the jury, nor was any request made to the judge to take the case from the jury or to direct a verdict in favor of the plaintiff, as would have been eminently proper, if the position now taken is maintainable. Both parties appear to have assumed that the question, as to the fraudulent making and issuing of the check, was in the case, and a question of fact for the jury; and I am not prepared to say that it is manifest that they decided erroneously, and entirely contrary to the evidence, or that there is no sufficient evidence to sustain the verdict. The case of the plaintiff rested mainly upon the testimony of himself, and the defendant, Harold C. Gale. If their testimony was to be relied upon, then the plaintiff was entitled to recover, as they testify quite positively to a state of facts, which made out a case in favor of the plaintiff. But this evidence was attacked, especially that of the defendant Gale, whom it was claimed was directly impeached.

Even if the debt was due from the defendants to Hover, or the check had actually been made and issued prior to the dissolution, there was evidence in the case,

Gale *v.* Miller.

showing that the defendant, Gale, had the control of the funds of the concern, and ample opportunity to pay the debt, or to repay himself, the amount of the check, which he claims was made for that purpose, and from which it might well be claimed that he would have been likely to have done so, and that, in fact, it was actually paid by the defendant, Gale, out of moneys received before the dissolution, and put in circulation after the dissolution, if made before that time. There was, also, proof of statements as to checks made by the defendant, Gale, on the settlement and dissolution, which did not contain the check in question, and which were to the effect that no such check was at that time outstanding; and although the check was entered in the check book, it was erased, and not added in the footing. There was also testimony of Gale's declarations, inconsistent with the idea that any such debt or check had any lawful existence at the time of the dissolution of the copartnership, and evidence of declarations to the effect that he received the check after the dissolution of the copartnership. It is true that much of the testimony to which I have referred, was contradicted; but I think it can scarcely be claimed that there was not some evidence which would justify the position taken by the defendant, Miller, that there was a fraudulent combination between the plaintiff and the defendant, Gale, to defraud him out of this check.

The fairness and good faith of the plaintiff, and the defendant, Gale, the truthfulness of their testimony, and the credit to be given to it, were subjects of serious dispute. It is manifest from the leading features of the case, to which I have made a brief reference, that the controversy between the parties presented questions of fact which it was the peculiar province of the jury to decide, with which the judge upon the trial, even if he had been called upon to do so, had no right to interfere, and which this court has no authority to disturb, as the evidence stands, according to well settled rules of law.

Some other points are pressed upon our attention; but I think it unnecessary to discuss them at length.

As no error was committed in the court below, the motion for a new trial must be denied, and the judgment affirmed, with costs.

INGALLS, J., delivered an opinion for affirmance, as follows: The defendants were partners in the freighting business, at Livingston station, Columbia county; commencing October 1, 1860. On the 23d January, 1861, Miller & Gale were indebted to J. N. Hover in the sum of $156, for hay sold said firm, and said Hover was indebted to Harold C. Gale, one of said partners, in the sum of $120. Harold C. Gale paid Hover thirty-six dollars, being the difference between the two accounts, and drew a check, of which the following is a copy :

"HUDSON, N. Y., *January* 23, 1861.

"Hudson River Bank. Pay to J. N. Hover, or bearer, one hundred and fifty-six dollars.

"MILLER & GALE.

"$156."

The check was not delivered to Hover, but was retained by Harold C. Gale, by whom it was subsequently transferred to the plaintiff, and applied upon a note held by plaintiff against said Harold C. Gale for $200. Subsequently to the execution of the check, Harold C. Gale sold and transferred his interest in said partnership to the defendant, Miller, and as a part of the arrangement, Miller assumed to pay the partnership debts to the sum of $2,046.39; but if they exceeded that sum, the excess was to be paid by Miller & Gale in equal proportions. The principal question litigated upon the trial was in regard to the time the check in question was transferred to the plaintiff; whether before or after the dissolution of the partnership of Miller & Gale; and the determination of that question involved the inquiry whether such partnership was actually dissolved on the 22d February or 21st March, 1861. The written agreement between

Miller & Gale bears date March 21, 1861, but upon the trial it was insisted by the defendant, Miller, that there was an error in the date of such instrument, and that it should have been dated February 22d, 1861, the time when the transaction actually occurred. The evidence upon this question was conflicting, and we must assume that the jury became satisfied that such mistake in the date of the instrument was established. There was still another question litigated upon the trial, which was in regard to the time the plaintiff received said check. The evidence upon this question was also conflicting, and it is evident that there was a severe struggle in relation to both of said questions. From the result we must assume that the jury concluded that the check was transferred to the plaintiff after the dissolution of the partnership ; and that at the time the said agreement between Miller & Gale was executed, Harold C. Gale was the owner of said check. We do not deem it necessary to enter upon a particular discussion of the evidence bearing upon the several questions involved in the controversy. The plaintiff cannot, in any view of the case, be regarded a *bona fide* holder of said check, as he neither assumed a liability or parted with anything as a consideration for the transfer to him of the check. (*McBride* v. *Farmers' Bank*, 26 N. Y., 454 ; *Stalker* v. *McDonald*, 6 Hill, 93 ; *N. Y. Exchange Co.* v. *De Wolf*, 31 N. Y., 273, 284 ; *Prentiss* v. *Graves*, 33 Barb., 621.) Assuming to be true, what the jury must have found, that Harold C. Gale was, at the time the partnership was dissolved, and when Miller assumed the payment of the partnership debts, the owner of said check, we are of opinion that the defendant established a complete defence to the action upon the check. (*National Bank* v. *Norton*, 1 Hill, 572 ; *Lusk* v. *Smith*, 8 Barb., 570 ; *Mitchell* v. *Ostrom*, 2 Hill, 520 ; *Lansing* v. *Gaine*, 2 John. Rep., 300.) No motion was made to amend the complaint, or to change the form of the action.

. As the plaintiff has taken exceptions to the charge of the judge, we must examine, with a view to ascertain whether

error was committed in that respect prejudicial to the rights of the plaintiff.

The judge charged the jury, in one particular, as follows: "As this case stands, you are bound to consider all the evidence that has been introduced, and not a single part of it is irrelevant." We observe no objection to this direction. Certainly the jury were bound to consider all the evidence, as it was not their province to reject as irrelevant, evidence which the court had taken the responsibility to admit. Any other rule would be likely to work great injustice, as a party might have the benefit of an exception to the decision of the judge, in admitting evidence, and the advantage arising from the rejection thereof by the jury.

The judge properly charged the jury, in substance, that to sustain the plaintiff's cause of action, they must find that the check was issued and passed to the plaintiff before the dissolution of the partnership. The judge further charged the jury as follows: "If plaintiff received the check in the month of March, he received it after the dissolution of the copartnership, and it would not be a valid instrument in his hands, and plaintiff could not, in any view of the law, recover, in any form, in this action." This portion of the charge must be construed in connection with that which preceded it, and the facts proved upon the trial. The court had already, substantially, submitted to the jury, for them to find, whether the check was transferred before the dissolution of the partnership, which embraced the inquiry, whether it was in February or March, 1861. We think it but reasonable, in construing this portion of the charge, to precede it, by these words: "If you find that the partnership was dissolved on the 22d February, 1861," which would make the charge read as follows: "If you find that the partnership was dissolved on the 22d February, 1861, and the plaintiff received the check in the month of March, he received it after the dissolution of the copartnership, and it would not be a valid instrument in his hands; and the plaintiff could not, in any view of the law, recover, in any form, in this action." The

Gale *v.* Miller.

jury could not have been misled by this portion of the charge, applying it to the facts proved, and taking it in connection with the other directions which they received. (*The People* v. *Bransby*, 32 N. Y., 525.)

It is evident that much of the charge was omitted in making up the case, which creates embarrassment in considering that which is inserted. We are of opinion that the charge was substantially correct, and that the plaintiff has not been prejudiced thereby. No error was committed in allowing evidence in regard to the check book and other papers of the firm, as such inquiry was material in investigating the transaction, to ascertain whether or not the check in question was embraced in settlement. Certainly a reasonable latitude of examination was allowable in investigating the transaction, and in this particular very much must be left to the discretion of the judge who tries the cause; and nothing short of a palpable abuse of such discretion should induce this court to interfere. The inquiry in regard to certain charges of dishonesty and stealing, claimed to have been made by Kniskern against Harold C. Gale, in the presence of the plaintiff, and the evidence of Jacob R. Gale and Kniskern, in relation thereto, were certainly harmless. Jacob R. Gale testifies that he did not hear Kniskern charge his brother with dishonesty, and Kniskern testifies that he did not know what he charged Gale with. It is hardly possible that any injury could have resulted to the plaintiff from this evidence, even though it be conceded that technical error was committed by admitting it, which I am not prepared to assume. In the trial of a cause, which is sharply contested, it not unfrequently happens that evidence is admitted or rejected, whereby some rule of evidence is violated; yet this court does not feel called upon to reverse a judgment, when it affirmatively appears that the party complaining could not have been injured thereby. (*Woodruff* v. *McGrath*, 32 N. Y., 255.) We are of opinion that no substantial reason appears, calling for the reversal of this judgment, and the same should be affirmed, with costs.

HOGEBOOM, J., dissented.

Judgment affirmed.