## GEORGE A. MORRISON AND OTHERS *v.* CHARLES B. PERRY AND RICHARD W. LESTER.

*Dissolution of partnership — power of survivor to execute notes.*

Upon the dissolution of a partnership, caused by the sale by one partner of all his interest therein to the other, who agreed to pay all partnership debts, the latter executed a promissory note in the firm's name, to a creditor of the firm, for a then existing indebtedness, the latter being ignorant of the dissolution of the firm. In an action upon it, *held*, that the surviving partner had no authority to execute the note, and that the retiring partner was not liable thereon.

*Semble*, that an agreement by the creditor after he became aware of the prior dissolution of the firm, by which the time of payment of the note was extended, would discharge the liability of the outgoing partner, he occupying the relation of surety to his former copartner.

MOTION on behalf of the defendants for judgment upon a verdict directed by the court, the exceptions taken on the trial having been ordered to be heard at the General Term in the first instance.

The defendants, C. B. Perry and Richard W. Lester, were, prior to February 20, 1874, copartners in business, and were indebted to the plaintiffs at that time.

On the 20th February, 1874, the defendants, by a written agreement, dissolved said copartnership.

The note in suit was given on the 7th March, 1874 ; it was signed by the defendant, C. B. Perry, in the firm name of C. B. Perry & Co.

The other facts are fully stated in the opinion.

*Edward G. Black*, for the motion.

*Daniel C. Briggs*, opposed.

DAVIS, P. J.:

The court directed a verdict for the plaintiffs, and ordered the exceptions to be heard in the first instance at the General Term. The defendants excepted to the direction of a verdict, and several other exceptions were taken in the course of the trial. The facts of the case, as they may be fairly gathered from the evidence, were these : Prior to the 20th of February, 1874, the defendants were copartners, doing business under the firm name of C. B. Perry & Co. The firm was indebted to the plaintiffs on an account for goods before then sold and delivered in the sum of $497.15. The plaintiffs drew upon the defendants' firm for the amount of such indebtedness. This draft was not honored ; but on the sixteenth of March the defendant Perry wrote the plaintiffs, in the firm name, proposing to give the note of the firm for sixty days, for the indebtedness, which proposed note appears to have been given, bearing date March 7, 1874, payable sixty days after date for said sum of $497.15, signed in the firm name, but made by the defendant Perry without, so far as the case shows, the knowledge or consent of the defendant Lester. It does not appear that the plaintiffs had, at the time of the making and receiving of this note, any notice of the dissolution of the firm. The agreement, dissolving the firm, was put in evidence. By its terms, the defendant Lester assigned and transferred to the defendant Perry, all his interest in the copartnership business of the firm, and in its property, of every kind whatever ; and the defendant Perry agreed to assume " the payment of all debts and liabilities owing by the firm, and to save Lester, harmless and exonerated, from and against all debts and obligations existing against the firm." In May following the defendant Perry, being unable to meet the indebtedness of the firm, and his own indebtedness, proposed to his creditors a compromise of fifty per cent, payable in notes at four, six and eight

months, satisfactorily indorsed, and an agreement of compromise to that effect was made, which was signed by a large number of the creditors, but not by the plaintiffs. Between Perry and the plaintiffs, it was agreed in substance that notes at four, six and eight months, for fifty per cent of their demand, should be made by Perry and indorsed by another party, and that he (Perry) would pay the balance at the end of the year, and give a note to that effect. Those notes were made by Perry, of eighty-five dollars and seventy-six cents each, payable at four, six and eight months, and indorsed by one George W. Lester, and delivered to the plaintiffs. These notes were taken up by the indorser, at their respective maturity. No note for the balance was given by Perry. The note of March seventh, made in the firm name for the whole amount, was retained by the plaintiffs, and this suit is brought upon that note, against both members of the firm. Some evidence was given tending to show that this note was to have been assigned to the indorser of the fifty per cent notes, and a letter written by plaintiffs was put in evidence, which shows that when George W. Lester, the indorser, sent the fifty per cent notes, he called on the plaintiffs to assign the note of March seventh to him, and they thereupon wrote to C. B. Perry & Co., asking for a note for the additional fifty per cent, so that they could comply with the indorser's request. Such note does not appear to have been sent, but Perry testified, in substance, that he wrote to the plaintiffs to return the original note to C. B. Perry & Co., or the indorsed notes, neither of which was done; but the indorsed notes appear to have been paid at maturity. Upon this state of facts, the first question raised is, that C. B. Perry had no authority to give the note dated March 7, 1874, because before that time the partnership had been dissolved, and his authority to give the notes in the firm name had ceased. It is the general rule that after the dissolution of a partnership, neither of the partners can give notes or accept bills so as to bind the other partners, even when it is done for the purpose of providing for a debt due from the former firm. (*National Bank* v. *Norton*, 1 Hill, 572; *Lansing* v. *Gaine*, 2 Johns., 300; *Sanford* v. *Mickles*, 4 id., 224; *Hackley* v. *Patrick*, 3 id., 537; *Walden* v. *Sherburne*, 15 id., 409; *Mitchell* v. *Ostrom*, 2 Hill, 520; *Lusk* v. *Smith*, 8 Barb., 570; *Van Keuren* v. *Parmelee*, 2 N. Y., 525.)

It is insisted, however, on the part of the plaintiffs, that the fact

that they had no notice of the dissolution of the partnership at the time the note of the seventh of March was given, takes the case out of the general rule. There is no doubt that where the business is continued by one partner in the firm name, after the dissolution of the firm, or debts are contracted by him with persons who had previous dealings with the firm, all the members of the former firm are liable in the absence of notice of such dissolution. But in this case no new debt was contracted. The note was given for an existing indebtedness, which still remained good against the former firm notwithstanding the making of the note, and the question is purely one of power in the defendant Perry to make the note in the firm name. Both in fact and in law his authority to use that name had wholly ceased.

We think the cases above cited establish that he had no such authority, and that, so far as the note was concerned, it was obligatory only upon himself, and under the provisions of the Code, could be enforced against him notwithstanding the joint liability apparently created by the instrument. The subsequent attempt of Perry to compromise the indebtedness with the plaintiffs, was made with relation to this note of March seventh. At that time they were informed of the dissolution of the partnership, and there seems no reason to doubt but that they knew substantially that the defendant Lester had wholly retired, and that Perry had been and was carrying on business himself and not in the firm name. The plaintiffs are not bound by the compromise agreement signed by the other creditors of the firm. They declined to make that compromise, but made one distinctly for themselves, the substance of which was that they were to have fifty per cent of the indebtedness in the notes of Perry, indorsed by George W. Lester, payable as above stated, and a note for the balance either to be made by Perry himself or by Perry in the name of the firm, payable at the end of one year. The note of March seventh was to have been surrendered and assigned to the indorser, on the performance by Perry of the terms of this special agreement of compromise. The terms were not complied with by Perry, inasmuch as the note for the fifty per cent, payable at the end of the year, was not given by him. They had rightfully, therefore, retained the possession of the note of March seventh, but they can maintain no action upon that note as against the defendant

Lester; first, because the firm name was used in making it without authority; and second, because if Lester was liable upon that note originally, the plaintiffs had postponed its payment with knowledge of the dissolution of the partnership, and probably with knowledge of sufficient facts to show that in relation to the indebtedness, Lester stood as between himself and Perry as a surety.

Their arrangement with Perry, and their acceptance and collection of the notes given under that arrangement, practically extended the time of payment without the consent of the defendant Lester, and to his prejudice. Upon this latter point the evidence is perhaps not quite clear enough to make it a complete defense, but it seems to us that upon a new trial, facts could be made sufficiently apparent. We are of opinion that, upon the facts fairly to be deduced from the evidence, the plaintiffs were entitled to a verdict against the defendant Perry, for the unpaid half of the note of March seventh, but were not entitled to recover against the defendant Lester. The exception to the direction of a verdict was, therefore, well taken; and the defendants are entitled to a new trial, unless the plaintiffs shall stipulate to enter judgment against the defendant Perry alone, and that the defendant Lester have judgment in his favor, with costs. In which case, new trial denied, neither party to have costs of this motion. Otherwise, if this stipulation be not made by the plaintiffs, new trial granted, with costs to abide the event.

BRADY and DANIELS, JJ., concurred.

Motion denied, without costs if plaintiff stipulate to enter judgment against the defendant Perry alone, and that defendant Lester have judgment in his favor, with costs. Otherwise, if stipulation be not made by plaintiffs, new trial granted, with costs to abide event.