McAdam, J.
The effect of the dissolution of a partnership is to put an end to the authority of the one partner to bind the other. The partnership existing between the defendant and Albert Hirsch was dissolved March 2, 1885, and the debt now attempted to be enforced against the defendant was contracted by Hirsch, May 28, 1885, nearly three months after the dissolution. Hirsch and Harris formed a limited partnership pursuant to the statute, Hirsch being the general and Harris the special ■ partner, and the dissolution was of such a partnership. The theory of the plaintiff’s action is that for some failure to comply with the statutory requirements, Harris became a general partner. But this is not a correct statement of the law. For neglect to observe the essential requirements of the law relating to limited partnerships, the special may make himself liable as a general partner to creditors of the firm, the liability being in the nature of a statutory penalty (Van Dolsen v. Abendroth, 1 City Ct. R. 469; aff’d, 131 U. S. 66 ; Durant v. Abendroth, 97 N. Y. 132). As between the parties themselves, the contract of partnership determines their relations, rights and liabilities, and as between parties to an agreement of limited partnership, all settlements must be in conformity with it (Lancaster v. Choate, 5 Allen, 530, 539).
*93 Bates, in his work on limited partnership (§ 89), says, “ The relation of the parties to a limited partnership which by reason of failure to comply with the statute, is never formed, or because of violation of the statute becomes general, is between the parties themselves, fixed by the contract, and as to one another the partnership is special.’’
And in Robinson v. McIntosh (3 E. D. Smith, 221), it was held, that where parties take all the usual steps to form a limited co-partnership, excepting in some particular, the neglect whereof renders the special partner liable as a general partner, he does not thereby become an active, but may be regarded as a dormant partner, in such a sense as warrants the general partner to assign the partnership effects to a trustee, for the benefit of creditors.
On January 28, 1885, Hirsch and Harris executed an agreement, providing that the limited partnership existing between them be dissolved, the dissolution’to become effectual as soon as the publication required by law was completed. On the same day (Jan. 28,1885),Hirsch gave Harris ■three notes, each for $5,000, as a re-payment of his contribution of special capital, which notes have never been paid. The publication of the notice of dissolution contemplated by the agreement, and required by law, was completed on March 2, 1885, so that the partnership relations between Hirsch and Harris were effectually terminated on that day.
The plaintiff claims on his points, that the relations terminated January 28, 1885, by the withdrawal by Harris of his capital, and that the partnership, after that, became general. Harris withdrew nothing. He received the promise of Hirsch to return him $15,000, at a future date, but the promise was never performed, and the unperformed promise of Hirsch is neither a withdrawal, return or payment of special capital contributed. There was a full four weeks’ publication of the notice of dissolution before the debt sued on was contracted, and the note on which it *94 is sought to hold the defendant was the note of Albert Hirsch, individually. .
If this were a case where there had been a course of prior dealings between the parties, the question of the necessity of actual notice of dissolution might have arisen, but the absence of that feature renders a discussion of' it unnecessary. There is no question of equitable estoppel in the case, because it does not appear that Harris did any act or thing after the dissolution, which made him liable as a partner to the plaintiff orto third persons generally. At the trial, to obviate proof of the defects alleged in the formation of the limited partnership, .which would have made Harris liable as a general partner, it was stipulated that for all the purposes of the action, he was liable, as a general partner for the engagements of the firm. Not that he was a general partner, but liable as such by force of the statutory provisions.
■ Nor did the stipulation admit that the firm had any existence at the time the contract was made. Indeed, that point was contested and left open to be determined, for as part of the same stipulation, the plaintiff consented to the admission in evidence of the affidavits of publication of the notice of dissolution of the special partnership, as proof of the publication of such notice for four weeks prior to March 2, 1885 ; so that the stipulation must be taken in its entirety. Thus we have the cáse of parties who took the'usual steps to form a limited partnership, except in some technical particular, the neglect whereof might have rendered the special partner' liable to third persons as a. general partner, and a dissolution of such partnership on March 2,1885, consummated in strict accordance with the statutory requirements. The debt in suit was contracted by Hirsch in his own name, May 28, .1885, at a time when there was no partnership with Harris in existence. It is difficult, therefore, to find any legal basis for a claim against Harris, arising out of such a transaction. Upon a *95 dissolution of a firm, the agency of each partner for the other is revoked, except to the extent of closing up past transactions, and even in that respect his powers are limited, and he can enter into no new obligations in the name of his co-partner, even though to close up a past transaction (Palmer v. Dodge, 4 Ohio St. 21, 36; Long v. Story, 10 Mo. 636; Woodford v. Dorwin, 3 Vt. 82, 88; Myatts v. Bell, 41 Ala. 222, 233 ; Hall v. Lanning, 91 U. S. 160; Haddock v. Crocheron, 32 Tex. 276; Napier v. Catron, 2 Hump. 534; National Bank v. Norton, 1 Hill, 572 ; Lansing v. Gaine, 2 Johns. 300; Sanford v. Nickles, 4 Id. 224; Hackley v. Patrick, 3 Id. 537; Walden v. Sherburne, 15 Id. 409; Mitchell v. Ostrom, 2 Hill 520; Lusk v. Smith, 8 Barb. 570; Van Keuren v. Parmelee, 2 N. Y. 525). This upon the ground that after the dissolution a partner has not, without special authority, power to"impose new obligations upon the firm, nor to vary the form and character of those already existing (Woodworth v. Downer, 13 Vt. 522; Mutual Savings. Inst. v. Enslin, 37 Mo. 453 ; Lusk v. Smith, 8 Barb. 570,578; Hurst v. Hill, 63 Am. Decis. 705 ; Cunningham v. Bragg, 37 Ala. 436). After dissolution, one partner cannot sign the firm name to a note, even to pay an old debt (Lockwood v. Comstock, 4 McLean, 383; White v. Tudor, 76 Am. Decis. 126; Hurst v. Hill, supra), and such a note does not discharge the old debt (Perrin v. Keene, 19 Me. 355). In National Bank v. Norton (1 Hill 572), it was held that one partner after dissolution cannot bind his co-partners even by the renewal of a partnership note. Cowen, J., says: “ This is the máking of a new contract by one for all the partners, after his authority is revoked. During the continuance of the partnership he is entitled to act for all, as their general agent. On dissolution he ceases to hold that character, and must be considered as a mere joint debtor. This leaves to him the power of payment in respect to debts due from the firm, but with slight exception,if any, nothing more.” This would seem to be *96 so on principle aside from authority, for as Lord Kenyon says, (in Abel v. Sutton, 3 Esp. 108): “ the moment the partnership ceases the partners become distinct persons ; they are tenants in common of the partnership property undisposed of from that period; and if they send any securities which did belong to the partnership into the world after such dissolution, all must join in doing so.” The question was again considered in Morrison v. Perry (11 Hun, 33), wherein it appeared that upon the dissolution of a partnership, caused by the sale by one partner of all his interest therein to the other, the latter executed a promissory note in the firm’s name, for a then existing indebtedness, and gave it to a creditor ignorant of the dissolution of the firm. It was held that the surviving partner had no authority to execute the note, and that the retiring partner was not liable thereon, though liable on the original cause of action, if that had been sued upon.
In the present case, there was no firm in existence when the obligation sued upon was contracted, and it became and was enforceable only against Hirsch, the person who made the note. It was made in his name, bound him alone, and was not intended to bind anyone else. There is no sound principle of law or morality that requires Mr. Harris, the defendant, to pay the debt in question. It was in no sense his obligation, and the trial judge properly directed a verdict in favor of the defendant. It follows that the judgment and order appealed from must be affirmed with costs.
Freedman, P. J. and Gildersleeve, J., concur.