### WATERS v. HARRIS.

*(Superior Court of New York City, General Term. January 11, 1892.)*

1. LIMITED PARTNERSHIP—NON-COMPLIANCE WITH STATUTE—SPECIAL PARTNER.
   The statutory provision making a special partner liable as a general partner upon failure to comply with its requirements in the formation of a limited partnership does not render him, in such event, a general partner, but only liable as such to creditors; as between the partners they are bound by the terms of their agreement.

2. SAME—LIABILITY after DISSOLUTION.
   On an agreement to dissolve a limited partnership, the special partner took the general partner's notes in repayment of his special capital, and the firm was there-after dissolved in the manner prescribed by statute. The notes were never paid. *Held*, that the special partner was not liable on a note given by the general partner, nearly three months after the dissolution, to a person who had not pre-viously dealt with the firm.

Appeal from jury term.

Action by Winfield Waters against Siegmund Harris upon a promissory note made by Albert Hirsch. Plaintiff claimed that defendant was liable as a general partner of the firm of Albert Hirsch. Verdict directed for defendant. Plaintiff appeals from the judgment and order denying new trial. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Melville H. Regensburgher,* ( *Wm. Geo. Oppenheim,* of counsel,) for appellant. *Charles C. Leeds,* for respondent.

McADAM, J. The effect of the dissolution of a partnership is to put an end to the authority of the one partner to bind the other. The partnership existing between the defendant and Albert Hirsch was dissolved March 2, 1885, and the debt now attempted to be enforced against the defendant was contracted by Hirsch, May 28, 1885, nearly three months after the dissolution. Hirsch and Harris formed a limited partnership pursuant to the statute, Hirsch being the general, and Harris the special, partner, and the dissolution was of such a partnership. The theory of the plaintiff's action is that, for some failure to comply with the statutory requirements, Harris became a general partner. But this is not a correct statement of the law. For neglect to observe the essential requirements of the law relating to limited partnership, the special may make himself liable as a general partner to creditors of the firm, the liability being in the nature of a statutory penalty. *Van Dolsen* v. *Abendroth,* 1 City Ct. R. 469, affirmed 131 U. S. 66, 9 Sup. Ct. Rep. 619; *Durant* v. *Abendroth,* 97 N. Y. 132. As between the parties themselves, the contract of partnership determines their relations, rights, and liabilities; and, as between parties to an agreement of limited partnership, all settlements must be in conformity with it. *Lancaster* v. *Choate,* 5 Allen, 530, 539. Bates, in his work on Limited Partnership, (section 89,) says: "The relation of the parties to a limited partnership which, by reason of failure to comply with the statute, is never formed, or because of violation of the statute becomes general, is, between the parties themselves, fixed by the contract, and as to one another the partnership is special." And in *Robinson* v. *McIntosh.*

3 E. D. Smith, 221 it was held that where parties take all the usual steps to form a limited copartnership, excepting in some particular, the neglect whereof renders the special partner liable as a general partner, he does not thereby become an active, but may be regarded as a dormant, partner, in such a sense as warrants the general partner to assign the partnership effects to a trustee for the benefit of creditors.

On January 28, 1885, Hirsch and Harris executed an agreement providing that the limited partnership existing between them be dissolved; the dissolution to become effectual as soon as the publication required by law was completed. On the same day (January 28, 1885) Hirsch gave Harris three notes, each for $5,000, as a repayment of his contribution of special capital, which notes have never been paid. The publication of the notice of dissolution contemplated by the agreement, and required by law, was completed on March 2, 1885, so that the partnership relations between Hirsch and Harris were effectually terminated on that day. The plaintiff claims, on his points, that the relation terminated January 28, 1885, by the withdrawal by Harris of his capital, and that the partnership after that became general. Harris withdrew nothing. He received the promise of Hirsch to return him $15,000 at a future date, but the promise was never performed, and the unperformed promise of Hirsch is neither a withdrawal, return, or payment of special capital contributed. There was a full four weeks' publication of the notice of dissolution before the debt sued on was contracted, and the note on which it is sought to hold the defendant was the note of Albert Hirsch individually. If this were a case where there had been a course of prior dealings between the parties, the question of the necessity of actual notice of dissolution might have arisen, but the absence of that feature renders a discussion of it unnecessary. There is no question of equitable estoppel in the case, because it does not appear that Harris did any act or thing after the dissolution which made him liable as a partner to the plaintiff or to third persons generally. At the trial, to obviate proof of the defects alleged in the formation of the limited partnership which would have made Harris liable as a general partner, it was stipulated that for all the purposes of the action he was liable as a general partner for the engagements of the firm; not that he was a general partner, but liable as such by force of the statutory provisions. Nor did the stipulation admit that the firm had any existence at the time the contract was made. Indeed, that point was contested and left open to be determined, for, as part of the same stipulation, the plaintiff consented to the admission in evidence of the affidavits of publication of the notice of dissolution of the special partnership, as proof of the publication of such notice for four weeks prior to March 2, 1885; so that the stipulation must be taken in its entirety. Thus, we have the case of parties who took the usual steps to form a limited partnership, except in some technical particular, the neglect whereof might have rendered the special partner liable to third persons as a general partner, and a dissolution of such partnership on March 2, 1885, consummated in strict accordance with the statutory requirements. The debt in suit was contracted by Hirsch, in his own name, May 28, 1885, at a time when there was no partnership with Harris in existence. It is difficult, therefore, to find any legal basis for a claim against Harris, arising out of such a transaction. Upon dissolution of a firm, the agency of each partner for the other is revoked, except to the extent of closing up past transactions, and even in that respect his powers are limited, and he can enter into no new obligations in the name of his copartner, even though to close up a past transaction. *Palmer* v. *Dodge*, 4 Ohio St. 36; *Bank* v. *Dumell*, 5 Mason, 57; *Long* v. *Story*, 10 Mo. 630; *Woodford* v. *Dorwin*, 3 Vt. 88; *Myatts* v. *Bell*, 41 Ala. 233; *Hall* v. *Lanning*, 91 U. S. 160; *Haddock* v. *Crocheron*, 32 Tex. 276; *Napier* v. *Catron*, 2 Humph. 534; *Bank* v. *Norton*, 1 Hill, 572; *Lansing* v. *Gaine*, 2 Johns. 300; *Sandford* v. *Mickles*, 4 Johns. 224; *Hackley* v. *Patrick*, 3 Johns.

537; *Walden* v. *Sherbourne*, 15 Johns. 409; *Mitchell* v. *Ostrom*, 2 Hill, 520; *Lusk* v. *Smith*, 8 Barb. 570; *Van Keuran* v. *Parmelee*, 2 N. Y. 525; *Gale* v. *Miller*, 1 Lans. 451. This upon the ground that after dissolution a partner has not, without special authority, power to impose new obligations upon the firm, nor to vary the form and character of those already existing. *Woodworth* v. *Downer*, 13 Vt. 524; *Institution* v. *Enslin*, 37 Mo. 453; *Lusk* v. *Smith*, 8 Barb. 578; *Hurst* v. *Hill*, 63 Amer. Dec. 705; *Cunningham* v. *Bragg*, 37 Ala. 436. After dissolution, one partner cannot sign the firm name to a note, even to pay an old debt, (*Lockwood* v. *Comstock*, 4 McLean, 383; *White* v. *Tudor*, 76 Amer. Dec. 126; *Hurst* v. *Hill*, *supra*;) and such a note does not discharge the old debt, (*Perrin* v. *Keene*, 19 Me. 355.) In *Bank* v. *Norton*, 1 Hill, 572, it was held that one partner, after dissolution, cannot bind his copartners, even by the renewal of a partnership note. COWEN, J., says: "This is the making of a new contract by one for all the partners after his authority is revoked. During the continuance of the partnership he is entitled to act for all as their general agent. On dissolution he ceases to hold that character, and must be considered as a mere joint debtor. This leaves to him the power of payment in respect to debts due from the firm, but with slight exception, if any, nothing more." This would seem to be so on principle, aside from authority; for, as Lord KENYON says, (in *Abel* v. *Sutton*, 3 Esp. 108,) "the moment the partnership ceases, the partners become distinct persons; they are tenants in common of the partnership property undisposed of from that period; and, if they send any securities which did not belong to the partnership into the world after such dissolution, all must join in doing so." The question was again considered in *Morrison* v. *Perry*, 11 Hun, 33, wherein it appeared that upon the dissolution of a partnership, caused by the sale by one partner of all his interest therein to the other, the latter executed a promissory note in the firm's name, for a then existing indebtedness, and gave it to a creditor ignorant of the dissolution of the firm. It was held that the surviving partner had no authority to execute the note, and that the retiring partner was not liable thereon, though liable on the original cause of action, if that had been sued upon. In the present case there was no firm in existence when the obligation sued upon was contracted, and it became and was enforceable only against Hirsch, the person who made the note. It was made in his name, bound him alone, and was not intended to bind any one else. There is no sound principle of law or morality that requires Mr. Harris, the defendant, to pay the debt in question. It was in no sense his obligation, and the trial judge properly directed a verdict in favor of the defendant. It follows that the judgment and order appealed from must be affirmed, with costs. All concur.